OWEN, Judge.
Clifford L. Crenshaw and Cornelius McPhall, Jr. were jointly tried on an amended information alleging several counts. Crenshaw was convicted of possession of heroin and sentenced to five years in prison. McPhall was convicted of (Count 1) attempted possession of heroin, (Count 4) attempted carrying a concealed firearm, and (Count 5) possession of a firearm by a convicted felon, for which he received concurrent sentences of one, one, and five years respectively. Their joint appeal is our Case No. 74-786.
After trial of the above offenses, but before the judgments and sentences were entered, McPhall filed his motion to vacate the prior felony conviction (grand larceny in October 1960) which had been the basis of his present conviction under Count 5 above. The motion to vacate was denied and McPhall’s appeal from that order is our Case No. 74 — 906.
McPhall and Crenshaw are represented by the same attorney and it was upon appellants’ motion that we consolidated the two appeals. However, appellant McPhall has neither furnished us a record nor argued any matter in his brief relative to appeal No. 74-906, and the order therein appealed denying McPhall’s motion to vacate the felony judgment of October 1960 is affirmed.
In reference to Case No. 74-786, it is apparent that McPhall’s conviction for at *868 tempted carrying of a concealed firearm (Count 4) was simply a facet of the criminal act for which he was convicted under Count 5, i. e., possession of a firearm by a convicted felon. Fla.Stat. § 790.23 (1973). Since McPhall was sentenced to five years in prison for the latter offense, the concurrent sentence of one year in the county jail on the conviction of carrying a concealed firearm should be and is hereby vacated. Cone v. State, 285 So.2d 12 (Fla.1973); Copeland v. State, 313 So.2d 54 (4th DCAFla.1975); Jackson v. State, 311 So.2d 811 (1st DCAFla.1975); Yost v. State, 243 So.2d 469 (3rd DCAFla.1971).
No error otherwise appears and in all other respects the judgment and sentence as to appellant Crenshaw and the judgment and remaining sentences as to appellant McPhall are severally affirmed.
CROSS and DOWNEY, TJ., concur.