BOARDMAN, Judge.
Appellant, Ralph Young, was apprehended by police during a break-in and, subsequently, escaped from lawful custody, when he was recaptured he was carrying a pistol in a pants pocket. He was tried separately for escape and the firearm counts: possession of a firearm by a convicted felon and carrying a concealed firearm. On November 18, 1974, he was tried for escape. Appellant chose to represent himself. After the state' rested the court addressed appellant in the presence of the jury.
THE COURT: At this time, Mr. Young, you can put on your case. If you would like to get under oath and explain you can do that at this time. You don’t want to tell the jury anything?
MR. YOUNG: No.
THE COURT: At this time the defendant chooses not to put on any testimony so at this time we will have the arguments of counsel. . . .
*236 The court gave the following instruction without objection:
A defendant may become a witness and testify in his own behalf; and in considering his testimony and the weight and credibility which should be given it, you should consider it just as you would the testimony of any other witness.[1]
Appellant argues that the court’s statements were comments on his failure to testify and, as such, constituted reversible error. While it would have been more appropriate for the statements addressed to the defendant to have been made out of the hearing of the jury, we do not believe that, considered alone, they would constitute reversible error. We do hold, however, that the court’s inappropriate instruction, coupled with these statements, does constitute reversible error. There can be little question that the remarks made by the judge in a jury trial are given great weight by the jury — greater than the remarks of other participants in the trial. In our judgment, the said instruction only served to emphasize and focus the jury’s attention on the statements made by the judge. Undoubtedly these statements were a well-intentioned attempt to insure the defendant’s understanding of his constitutional rights and trial procedures. However, under these particular circumstances the complained-of instruction coupled with the trial judge’s statements were tantamount to a judicial comment on the failure of the defendant to testify. See Diecidue v. State, Fla.1961, 131 So.2d 7.
In a second jury trial appellant was convicted of possession of a firearm by a convicted felon and carrying a concealed firearm; He received a 15-year sentence for possession of a firearm by a felon and a consecutive 5-year sentence for carrying a concealed firearm. Appellant contends separate sentences were improper since the acts were facets of a single crime. We agree. McPhall v. State, Fla.App. 4th, 1975, 320 So.2d 867, is controlling.
Accordingly, we reverse the judgment and sentence on the escape conviction and remand for new trial. We affirm the judgment as to the convictions of possession of a firearm by a convicted felon and carrying a concealed firearm, but vacate the sentence for carrying a concealed firearm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED for further proceedings consistent with this opinion.
McNULTY, C. J., and SCHEB, J., concur.

. Florida Standard Jury Instructions in Criminal Cases, 2.12(g).