SCHEB, Judge.
On August 25, 1972, appellant was charged by a three count information with (1) robbery in violation of Section 813.011, Florida Statutes (1971), (2) carrying a concealed firearm in violation of Section 790.-01(2), Florida Statutes (1971), and (3) possession of a firearm by a convicted felon in violation of Section 790.23, Florida Statutes (1971).
Appellant pled guilty as charged. The trial court adjudicated him guilty and sentenced him to a term of nine years and six months on each count with sentences to run concurrently.
Appellant filed a motion to vacate pursuant to Fla.R.Crim.P. 3.850, contending that the sentence imposed for carrying a concealed firearm should be vacated since that charge was a facet of a single transaction.[1] The trial court denied the motion. We reverse on authority of Young v. State, 330 So.2d 235 (Fla.2d DCA 1976).[2] The sentence on the charge of carrying a concealed firearm is therefore vacated; the remainder of the sentence is affirmed.
HOBSON, A. C. J., and BOARDMAN, J., concur.

. Appellant also contends that the sentence imposed for carrying a concealed firearm exceeded the statutory maximum. We agree as the crime was a felony of the third degree punishable by a maximum of five years under § 775.-082(2)(c), F.S. (1971).

. Appellee argues that the single transaction rule has been laid to rest by Chapter 76-66, Laws of Florida (1976). Since this law became effective after appellant’s sentencing, we do not reach this argument.