353 So.2d 1215 (1977)
Theodis McCLAIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1687.
District Court of Appeal of Florida, Third District.
December 27, 1977.
Rehearing Denied January 30, 1978.
*1216 Bennett H. Brummer, Public Defender and Paul Morris and Kurt Marmar, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt and Edwin D. Davis II, Asst. Attys. Gen., for appellee.
Before NATHAN and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL
By information the appellant was charged in four counts with possession of four separate controlled substances on a certain date. On trial before a jury he was found guilty on all counts, was so adjudged and was sentenced to two years' imprisonment on each count, with provision for the sentences to be served consecutively. Defendant's motion for new trial was denied and he appealed.
In the proceedings prior to trial the defendant was represented by an assistant public defender. When the case came on for trial the defendant's attorney moved to suppress the contraband evidence. The motion to suppress was heard and denied, and the court inquired of the parties as to their readiness to select a jury.
At that point the defendant announced to the court that he no longer desired to have a public defender defend him, and that he proposed to defend himself. The trial so proceeded.
One of the two contentions made by the appellant is that the court committed reversible error by failing to make sufficient inquiry into the circumstances to determine whether there was an intelligent and competent waiver by the accused of his right to be represented by an attorney at his trial, citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942); Von-Moltke v. Gillies, 332 U.S. 708, 722-724, 68 S.Ct. 316 (1948).
On consideration of the record and briefs we hold that contention of the appellant has merit. On this record, it does not appear that the court adequately complied *1217 with the serious protective duty thus involved. We will not outline the details and extent of essential investigation. The inquiry by the court here was limited to questioning the defendant as to his desire and determination to go to trial without an attorney, either a public defender or other counsel, and to advising the defendant as to his right to counsel and informing him of the difficulty to be encountered by one in defending himself.
A second contention by the defendant is that reversible error was committed when the judge, during the time of final argument by defendant, commented on the failure of the defendant to have testified in his own behalf. That came about when the defendant, in argument at the close of the case, proceeded to relate facts bearing on the case which were not in evidence; that is, appeared to be testifying rather than arguing the case.
In sustaining an objection by the prosecutor, the court said: "Sustained. You can't testify at this time. You had an opportunity to testify, and you chose not to. The jury is instructed you cannot regard that, the fact that you did not testify."
Fla.R.Crim.P. 3.250 prohibits prosecutorial comment before a jury or Court on the failure of an accused to testify in his own behalf. Such comment when made has been held repeatedly to constitute reversible error. Prior to the decision of the Supreme Court in State v. Jones, 204 So.2d 515 (Fla. 1967) the error was considered to be of such degree of prejudice as to be incurable by instruction to disregard it, and to invoke for it the exception that it should call for the granting of mistrial by the court, or on appeal for reversal for new trial, in spite of the absence of an objection thereto and a motion for mistrial being made on behalf of the accused. However, in Jones, after noting that prior to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963) the good resulting from application of the exception in such instances over-shadowed the evil, where thereby trial judges notwithstanding absence of objection were admonished to intervene, sua sponte, and declare a mistrial, the Court held application of the exception no longer was necessary now that all accused unable to employ an attorney are supplied one without cost. Therein, the Supreme Court said (204 So.2d at 519):
"At the present time all defendants in criminal trials who are unable to engage counsel are furnished counsel without charge. Application of the exception is no longer necessary to protect those charged with crime who may be ignorant of their rights. Their rights are now well guarded by defending counsel. Under these circumstances further application of the exception will contribute nothing to the administration of justice, but rather will tend to provoke censure of the judicial process as permitting `the use of loopholes, technicalities and delays in the law which frequently benefit rogues at the expense of decent members of society.'"
This case presents an instance where the accused was tried without counsel. The fact that this situation occurred by choice and demand of the defendant is not material. Therefore, the exception as previously in effect must be applied to this defendant tried without counsel. Notwithstanding absence of objection by the defendant, the clear comment of the judge on the failure of the defendant to have testified in his own behalf at the trial impels reversal for new trial. While the criminal procedure rule admonishes against such a comment by a prosecutor, it is equally impermissible for it to be made before a jury by the judge who is presiding at the trial. Diecidue v. State, 131 So.2d 7, 9 (Fla. 1961); Young v. State, 330 So.2d 235 (Fla. 2d DCA 1976). In fact, the degree of prejudice to an accused from such a prohibited comment is greater when it is made by the judge than when made by the prosecutor, due to the great weight which jurors tend to give any such comment when made by the judge. Young v. State, supra.
On consideration of these two points advanced by the appellant, we are impelled to conclude that the interest of justice would best be served by granting a new trial.
*1218 Accordingly, the judgment is reversed and the cause is remanded for a new trial.