LEVY, DAVID L., Associate Judge.
The appellant was indicted by the Grand Jury for three counts of sexual battery on a child eleven years of age or under. The indictment charged that the appellant had caused his penis to penetrate or unite with the victim’s vagina (count I), her mouth (count II), and her anus (count III).
At his arraignment, the appellant stood mute. Accordingly, pursuant to Rule 3.170(c) of the Florida Rules of Criminal Procedure, the Court ordered that a plea of not guilty be entered on the appellant’s behalf. As a result thereof, the clerk made a notation on the indictment to the effect that the defendant (appellant herein) “stood mute in Open Court. Not Guilty plea entered by Court.”
Over the appellant’s objections, the jury was allowed to receive and consider the indictment (with the above-described notations on it) during their deliberations. The jury was apparently allowed access to the indictment during their deliberations pursuant to the provisions of Rule 3.400(a) of the Florida Rules of Criminal Procedure.
Rule 3.250 of the Florida Rules of Criminal Procedure states in part:
... no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before a jury or court to comment on the failure of the accused to testify in his own behalf ....
Although the provisions of rule 3.250 expressly apply to prosecutorial comments, the rule has been extended to include comments by judges to a jury, see McClain v. State, 353 So.2d 1215, 1217 (Fla.3d DCA 1977), and to the comments of an attorney of a co-defendant, Sublette v. State, 365 So.2d 775, 778 (Fla.3d DCA 1978), cert. dismissed, 378 So.2d 349 (Fla.1979). As specifically pointed out in Sublette at page 778, “it is the fact of comment rather than the source of comment that effects denial of the right to remain silent.”
In State v. Kinchen, 490 So.2d 21 (Fla.1985), the Supreme Court of Florida reaffirmed the use of the “fairly susceptible” standard, instead of the more restrictive federal test that the comment was “manifestly intended or was of such character that the jury would materially take it to be a comment on the failure of the accused to testify.” In Kinchen the court, in essence, clarified the “fairly susceptible” test as relating to those cases where it was fairly susceptible if in a fair manner, equitably, justly, legitimately, and without unfair advantages, it would be viewed as a comment on the defendant’s failure to testify. The *692 court opted for the test that offers more protection to defendants than does the federal test.” Id. at 22.
Accordingly, in view of the Supreme Court of Florida’s recent rulings, we find that by permitting the jury to view the clerk’s stamped notation (regarding the fact that the defendant stood mute at the arraignment), the trial court sanctioned an impermissible written comment on the defendant’s exercise of his constitutional right to remain silent. As a result of reaching such a conclusion, this court finds that reversible error was committed and that the cause must be remanded to the trial court for a new trial in accordance with this opinion. In arriving at this result, we have considered application of the harmless error rule, but find it inappropriate here in view of the quality and weight of the evidence. We find that the state failed to meet its burden of showing that the conduct complained of was harmless beyond a reasonable doubt, as required by State v. Marshall, 476 So.2d 150 (Fla.1985).
To the extent that this opinion might appear to be inconsistent with DeRock v. State, 461 So.2d 1373 (Fla. 4th DCA 1985), we note that DeRock was a per curiam affirmance which, therefore, is without precedential value.
In view of the holding of this court, as set forth above, we do not reach or comment on the other point raised by the appellant in this appeal.
REVERSED AND REMANDED.
HERSEY, C.J., and DOWNEY, J., concur.