511 So.2d 1111 (1987)
Pablo ABREU, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1303.
District Court of Appeal of Florida, Second District.
September 4, 1987.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Pablo Abreu (Abreu) appeals his convictions by jury and sentences for trafficking *1112 in cocaine and conspiracy to traffic in cocaine.
Abreu raises eight points on appeal, only one of which merits discussion. He contends that the state, during closing argument, improperly commented on his right not to testify. We agree and reverse.
The facts of the case as stated by the defense are not in dispute. In late August of 1985, Sgt. John Potts of the Manatee County Sheriff's Department arrested Larry Koonce for possession of cocaine. In return for not being charged with this offense, Koonce agreed to cooperate with Potts as an informant. Potts had known Koonce for several years before the arrest, and knew he was a convicted felon. Potts obtained information from Koonce on other law violations after his arrest. At trial, Koonce testified that Abreu was the person who had supplied the cocaine for which he was arrested earlier.
Following his arrest for possession of cocaine, Koonce tried unsuccessfully to make several drug deals. Koonce then tried to make a deal with Abreu and Maximo Garcia, a codefendant. In their conversations, Abreu did the talking to Koonce, but generally consulted in Spanish with Garcia beforehand. Abreu asked Koonce if he knew anyone who wanted to buy cocaine. Koonce replied that he did, showed them his house, and told Abreu to come by when they had cocaine, and he would try to find a buyer.
Later, Abreu and Garcia came to Koonce's house and told him they had a couple of ounces of cocaine. Koonce called Sgt. Potts. Koonce told Abreu that the buyer (Potts) wanted more than two ounces.
On September 29, 1985, Abreu and Garcia returned and said they had nine ounces of cocaine. Koonce testified he called Potts and that he and Abreu both spoke to Potts. Potts, however, testified he spoke only to Koonce. Potts told Koonce to try and work a deal.
Later that day, Koonce called Potts and arranged a sale for approximately $10,000.00. The delivery was to take place the next day in the K-Mart parking lot in Bradenton. During this phone conversation, Potts could hear Spanish conversation in the background, but could not understand it.
The next day, Potts met Koonce near the K-Mart parking lot and searched him to make sure he had no cocaine on his person. They then drove to the K-Mart parking lot. Potts was wearing an electronic transmitting device to relay his conversations to the other officers on surveillance. At the parking lot of K-Mart, Potts observed a white van driven by Garcia with Abreu as a passenger. Koonce, testified that Abreu was the driver and Garcia was the passenger. Potts told Abreu and Garcia where to park and parked his own car approximately 200 to 300 feet away. Koonce left Potts and walked to the van.
Potts testified that Garcia got out of the van while Abreu moved to the driver's seat. Koonce testified that neither person changed position, or exited the van. Detective Barlysky, a surveillance officer, said that both defendants exited the van. Detective Kenny, another surveillance officer, testified that he saw Abreu, carrying a brown bag, go around the van from the passenger side to the driver's side.
Koonce told Abreu that Potts wanted a sample of the cocaine. Garcia handed a brown paper bag from under the dash to Abreu. Inside, wrapped in cellophane, was the alleged cocaine. Abreu put a sample of cocaine on a ten dollar bill which he had gotten from Koonce, and Koonce took the sample to Potts.
Potts observed the transaction but could not hear the conversation. He then gave the signal for waiting officers to move in. The van was searched, cocaine was found, and Abreu and Garcia were arrested.
As demonstrated by the evidence, the key issue in the case was the credibility of Larry Koonce, the informant. Koonce had a prior record consisting of six prior felony convictions. He was the only state witness with personal knowledge of the transaction at K-Mart and the prior conversations with Abreu. He made all of the initial contacts. He set up this drug transaction by himself *1113 and had made a deal with the state to avoid prosecution for possession of cocaine which he had received from Abreu. Both Abreu and Garcia chose not to testify. In closing argument, the assistant state attorney stated:
You heard the testimony of Larry Koonce and you heard a lot of questions being asked about Larry Koonce, and Larry Koonce is a bad guy and I have admitted that he is.
Now, Ladies and Gentlemen of the jury, you also heard him tell you about the facts of this case. That is the relevant evidence.
And what did you hear to rebut that? Who took the stand and said that what he said wasn't true?
Now, he got the facts and the dates wrong, and I am sure a lot of these conversations, he didn't recall correctly when they were made or who said what.
No doubt about it.
But who took the stand and said it wasn't true? Who rebutted what he said? No. All they proved was that he was a bad guy. So what? We knew that.
MR. RAMIREZ: Approach the bench, please.
(At the bench)
MR. RAMIREZ: We have a major problem here, who took that stand and rebutted. I object and move for a mistrial.
MR. MARKOFSKI: I wasn't referring to anybody in particular. That's perfectly proper to say that comment.
MR. HAMMEL: He said who took the stand? I join in the motion for mistrial.
THE COURT: I will deny the motion.
As defense counsel argued, the only people who could have rebutted Koonce's testimony were Abreu and Garcia. By arguing that no one took the stand to rebut Koonce's testimony, the state attorney could have been referring only to Abreu and Garcia, because, other than Koonce, only they were present during the transactions. The comment was fairly susceptible to only one interpretation  that Abreu and Garcia did not rebut Koonce's testimony.
In State v. Marshall, 476 So.2d 150 (Fla. 1985), the prosecutor told the jury during closing argument, that the only person who testified regarding events in question was a state witness. The state argued that these remarks were only comments on the evidence before the jury. The supreme court held:
Any comment on, or which is fairly susceptible of being interpreted as referring to, a defendant's failure to testify is error and is strongly discouraged. Such a comment, however, should be evaluated according to the harmless error rule, with the state having the burden of showing the comment to have been harmless beyond a reasonable doubt. Only if the state fails to carry this burden should an appellate court reverse an otherwise valid conviction.
476 So.2d at 153.
In State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), the supreme court again held that comment on a defendant's right to remain silent is subject to the harmless error rule.
The harmless error test, as set forth in Chapman and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error complained of contributed to the conviction. See Chapman, [v. California] 386 U.S. 18 at 24, 87 S.Ct. [824] at 828 [17 L.Ed.2d 705 (1967)]. Application of the test requires not only a close examination of the permissible evidence on which the jury could have legitimately relied, but an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.
491 So.2d at 1138.
The state in this case cannot meet the test of showing that this comment was harmless beyond a reasonable doubt. The state admitted that Koonce was a criminal, that he was cooperating for a price, and that his recollection of some of the conversations differed materially from that of *1114 Detective Potts. Some of these conversations were crucial, especially in a case of conspiracy to traffic and trafficking in cocaine. The state had no evidence of conspiracy other than the testimony of Koonce. The impression given by the state during closing is that although the case is weak, the defendants failed to rebut it.
Having found that the trial court committed reversible error in this regard, we do not address appellant's remaining points on appeal.
Reversed and remanded for new trial.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.