RYDER, Judge.
Appellant contests his conviction for conspiracy to traffic in cocaine, raising four points on appeal. Because we find that reversible error was committed with regard to one of the four points, we need not address the others.
During closing argument, the prosecutor made the following comment:
Now what you’re going to hear is that a defense for the crime of criminal conspiracy is that David Stone, after conspiring with one or more persons to commit the object of the conspiracy, the object of the conspiracy to bring back the five kilos, intending to bring back the five kilos to undercover officers persuaded others not to do it, to try to prevent a commission of conspiracy, it’s a defense to this particular crime. And be careful when you think about the fact whether or not there’s a defense in this case. What does David Stone have to do here to have a defense? He’s either got to say ‘Folks, I was part of a conspiracy but I told Milton not to do it’ or ‘Folks, I wasn’t part of the conspiracy.’
Immediately thereafter, defense counsel requested permission to approach the bench. The trial court denied the request and appellant’s attorney, with the jury present, then moved for a mistrial, or curative instruction, on the grounds that the state had improperly commented on appellant’s failure to testify. The trial court denied the motion, stating “it will be covered in the instructions.” During jury instructions, however, the court failed to include an appropriate instruction. Appellant argues that the trial court committed reversible error in denying his motion for mistrial. We agree.
Any comment which is “fairly susceptible” of being interpreted as a comment on a defendant’s silence will be treated as such. State v. DiGuilio, 491 So.2d 1129 (Fla.1986); David v. State, 369 So.2d 943 (Fla.1979). Prosecutorial comment on a defendant’s exercise of his right to remain silent is subject to the harmless error doctrine, with the burden falling on the state to convince the reviewing court that the error is harmless beyond a reasonable doubt. DiGuilio; Freeman v. State, 538 So.2d 936 (Fla. 2d DCA 1989); Abreu v. State, 511 So.2d 1111 (Fla. 2d DCA 1987).
The parties offer divergent interpretations of the prosecutor’s comment and its effect on this appeal. Appellant contends that the words “He’s either got to say ...” are fairly susceptible of being interpreted as a comment on his failure to testify. According to appellant, the prosecutor’s comment constitutes harmful error because the evidence against appellant during the trial was largely circumstantial and unreliable and the jury may have inferred that appellant’s failure to testify was indicative of guilt. In addition, appellant argues that the trial court’s refusal to allow appellant’s counsel to make his motion for mistrial at the bench and its denial of the motion within the hearing of the jury raises the possibility that the jury could infer that the court approved of the state’s comment on appellant’s failure to testify. The state, on the other hand, maintains that the prosecutor’s statement merely referred to the defenses available to appellant and not to appellant personally. The state takes the position that the comment is not fairly susceptible of being interpreted as a comment on appellant’s silence and does not address the issue of whether any error that may have been committed was harmless beyond a reasonable doubt.
In our view, the prosecutor’s statement during closing argument was not merely a comment on the defenses available to appellant or on the uncontroverted nature of the evidence. The prosecutor commented on what appellant would have been required to say in order to have a defense, implying that if appellant did not “say” those things he would not have a defense. We find this to be fairly susceptible of being interpreted as a comment on appellant’s failure to testify.
Once it is determined that a comment is fairly susceptible of being interpreted as a comment on a defendant’s silence, DiGui-lio places the burden on the state to convince us that the error was harmless beyond a reasonable doubt. In light of the *309 state’s failure to even address the harmless error issue in its brief, it is obvious that it has failed to meet its burden. See Freeman. In addition, our own review of the record indicates that the jury may well have inferred appellant’s guilt from his failure to testify, considering that the evidence of appellant’s guilt consisted primarily of the testimony of a co-conspirator who had been given favorable disposition in return for his agreement to testify.
The potentially harmful effect of the error committed in this case was compounded by the trial court’s failure to consider and deny appellant’s motion for mistrial at the bench, out of hearing range of the jury. Additional error was committed when the court failed to instruct the jury on the issue by way of either a curative instruction during trial or a jury instruction prior to the jury’s deliberations. The overall effect of these errors is that the jury’s potential inference regarding appellant’s failure to testify may have been reinforced in that the jury may have been given the impression that the trial judge approved of the state’s comment on appellant’s failure to testify, or that the judge was predisposed against appellant by virtue of his failure to testify.
Because we cannot say that the error committed in this case was harmless beyond a reasonable doubt, particularly in light of the manner in which the trial court’s actions compounded the error, we reverse and remand for a new trial.
Reversed and remanded.
CAMPBELL, C.J. and SCHOONOVER, J., concur.