CAMPBELL, Judge.
Appellant, Barbara Holloman, challenges the judgment entered on a jury verdict finding her guilty of three counts of delivery of cocaine and three counts of possession of cocaine. Appellant raises numerous issues on appeal, only one of which we find to have sufficient merit to cause us to reverse and remand for a new trial.
While there appear to have been a number of errors committed during appellant’s trial, those errors alone were not sufficiently egregious to require reversal absent the prosecutor’s improper comment during closing argument regarding appellant’s failure to testify. Because this comment so blatantly attacks appellant’s failure to testify and because there are other errors appearing in the record, we are unable to apply the harmless error rule that was announced in State v. Marshall, 476 So.2d 150 (Fla.1985).
The facts of this case show that the Pasco County Sheriff’s Office was using a confidential informant with a substantial prior record. On each of the three dates for which appellant was charged with the delivery of cocaine, the confidential informant was searched and fitted with a body bug. She was then driven to a residence where she was to purchase cocaine with money provided her in the form of serialized bills. There are no known eyewitnesses to the transactions other than the confidential informant. The first and the third purchases were evidenced by a tape recording that was played to the jury. The tape malfunctioned during the second purchase. On each occasion when the confidential informant exited the residence, she gave the supervising Pasco County Sheriff’s Office personnel crack cocaine which she stated she had purchased inside the residence from appellant. There is no identification of appellant or her voice on the tape other than by the confidential informant.
Appellant did not take the stand at trial. During closing argument by the prosecuting attorney, appellant’s attorney twice interposed objections for alleged improper comments by the prosecuting attorney on the evidence or on appellant’s failure to testify. In each instance, the court denied a motion for mistrial. Finally, however, the prosecutor, attempting to persuade the jury that the voice on the tape was appellant’s, stated:
There was no other female in that house when it was searched. And on that tape, selling that cocaine, was a woman’s voice, and there has been no rebuttal, no evidence from that stand to say other than it was the defendant on that tape, or to establish that there was someone, some other female living in that house.
We are convinced that, under the circumstances of this case, those comments by the prosecutor were fairly susceptible of being interpreted by the jury as comments on appellant’s failure to testify. State v. Kinchen, 490 So.2d 21 (Fla.1985). We are unable to distinguish the circumstances in this case from those in Abreu v. State, 511 So.2d 1111 (Fla. 2d DCA 1987). The' state here, as in Abreu, has not met the test of showing that the comment was harmless beyond a reasonable doubt. We, therefore, must reverse and remand this cause for a new trial.
SCHOONOVER, C.J., and HALL, J., concur.