583 So.2d 371 (1991)
Edwin LOVE, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1015.
District Court of Appeal of Florida, Third District.
July 9, 1991.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
PER CURIAM.
Edwin Love appeals a judgment of conviction and sentence for robbery. We reverse.
On July 2, 1988, Love took a purse from a telephone booth while the victim was making a call. The victim chased Love as he ran to his car. In an attempt to recover her purse, the victim pounded on Love's car and pleaded with him to return her purse.[1] According to her subsequent testimony, when Love put the car into gear, the victim moved away from the car in fear, and Love drove away. The police apprehended Love in possession of the purse. The state charged Love with robbery. During jury selection, the prosecutor questioned a juror concerning her feelings about a defendant's failure to testify. Love objected. The judge overruled the objection and informed the jury: "I am going to tell you the defendant does not have to testify, will probably not testify, you will not hear both sides of the story." Love objected to the court's statement and requested that the judge grant a mistrial. The judge overruled Love's objection and denied the request for a mistrial. At the conclusion of the presentation of evidence, the judge denied Love's motion to reduce the robbery charge to theft. The jury found Love guilty of robbery.
Love contends that the judge's statement constituted an impermissible comment on his right not to testify. We agree that the judge's comment  "you will not hear both sides of the story"  is "`fairly susceptible' of being interpreted by the jury as referring to a criminal defendant's failure to testify... ." David v. State, 369 So.2d 943, 944 (Fla. 1979); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); State v. Kinchen, 490 So.2d 21 (Fla. 1985); see Diecidue v. State, 131 So.2d 7 (Fla. 1961); Danford v. State, 492 So.2d 690 (Fla. 4th DCA 1986); McClain v. State, 353 So.2d 1215 (Fla. 3d DCA 1977), cert. denied, 367 So.2d 1126 (Fla. 1979). The judge's impermissible comment "highlighted for the jury the fact *372 that [Love] was not testifying at trial ...," DiGuilio, 491 So.2d at 1138; the comment effectively informed the jury that Love would not offer an explanation of his actions. That error requires reversal of Love's conviction and sentence. The jury may have considered Love's failure to offer his "side of the story" when it found that he put the victim in fear by putting the car in gear.[2] We therefore hold that the state failed to prove beyond a reasonable doubt that the error did not contribute to the verdict. DiGuilio; Stone v. State, 548 So.2d 307 (Fla. 2d DCA 1989); Freeman v. State, 538 So.2d 936 (Fla. 2d DCA 1989); see Ciccarelli v. State, 531 So.2d 129 (Fla. 1988); State v. Lee, 531 So.2d 129 (Fla. 1988). Accordingly, we reverse the conviction and sentence and remand for a new trial.
Reversed and remanded.
NOTES
[1] The victim's testimony was ambiguous as to whether she pounded on the roof or on the hood of the car.
[2] Love also argues that the trial court erred in failing to reduce the robbery charge to theft; that argument is without merit. Defense counsel conceded that Love committed a theft; at issue was whether Love committed a robbery. To constitute robbery, defendant must employ "the use of force, violence, assault, or putting in fear" in the course of taking money or other property from a person. § 812.13(1), Fla. Stat. (1987). Defendant's act may be "subsequent to the taking of the property... if it and the act of taking constitute a continuous series of acts or events." § 812.13(3)(b), Fla. Stat. (1987); see Fonseca v. State, 547 So.2d 1032 (Fla. 3d DCA 1989). The state did not contend that Love used force or violence prior to, contemporaneous with, or subsequent to taking the victim's purse; it presented evidence that the victim was standing in front of Love's car and that she moved away in fear when he started the car. That evidence was sufficient to submit the cause to the jury on the robbery charge. Rolle v. State, 268 So.2d 541 (Fla. 3d DCA 1972); see Brown v. State, 397 So.2d 1153 (Fla. 5th DCA 1981); Thomas v. State, 183 So.2d 297, 300 (Fla. 3d DCA 1966); see also McCloud v. State, 335 So.2d 257, 259 (Fla. 1976); cf. Santilli v. State, 570 So.2d 400 (Fla. 5th DCA 1990); Walker v. State, 546 So.2d 1165 (Fla. 3d DCA 1989).