PER CURIAM.
The appellant, Vincent Joseph Rigsby, challenges the trial court’s judgment and sentence whereby he was found guilty of aggravated child abuse, child abuse, negligent treatment of a child, and aggravated battery with a deadly weapon. We reverse.
The appellant contends, among other things, that the trial court committed reversible error in denying his motions for mistrial where the prosecutor, during closing arguments, improperly commented on the appellant’s right not to testify. Having found that the trial court committed reversible error in this regard, we therefore do not address the appellant’s remaining contentions.
At the trial in the instant case, the appellant did not testify. During closing arguments, the prosecutor stated: “Now, we heard Miss Corees’ (appellant’s counsel’s) version as she stepped up to the podium about what happened that night, but we didn’t hear that from the stand.” The prosecutor also stated: “In her version of the facts, Miss Corees stated they were arguing and while they were arguing that Vincent (the appellant) put the baby in water. Frankly, ladies and gentleman, you didn’t hear from the stand from anyone who could testify as to exactly how it happened.” The appellant objected to those statements, among others, and moved for mistrials. The trial court denied each of the motions and the appellant filed a timely notice of appeal.
Any comment which is “fairly susceptible” of being interpreted as a comment on a defendant’s right to remain silent will be treated as such. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). In the instant ease, by arguing that only the appellant’s counsel’s version was heard regarding the events of that evening, the prosecutor’s comments were fairly susceptible to only one interpretation— that the appellant exercised his right to remain silent. See Abreu v. State, 511 So.2d 1111 (Fla. 2d DCA 1987). Furthermore, we cannot hold that the prosecutor’s comments were harmless error. The supreme court in DiGuilio held that comments on a defendant’s silence are subject to the harmless error rule.
The harmless error test, as set forth in Chapman and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction. See Chapman, [v. California] 386 U.S. [18] at 24, 87 S.Ct. [824] at 828 [17 L.Ed.2d 705 (1967) ]. Application of the test requires not only a close examination of the permissible evidence on which the jury could have legitimately relied, but an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.
491 So.2d at 1138. Since the state in the instant case failed to prove beyond a reasonable doubt that the error was harmless, the appellant is entitled to a new trial.
Reversed and remanded for new trial.
SCHOONOVER, A.C.J., and BLUE and FULMER, JJ., concur.