491 So.2d 1252 (1986)
Terry L. RITTS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2116.
District Court of Appeal of Florida, Second District.
July 25, 1986.
James Marion Mooran, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
Terry Ritts was convicted of strong-arm robbery after snatching a purse from an elderly shopper in a shopping mall parking lot. We find no error in appellant's conviction. We do find, however, that a sentencing error was committed by including points for victim injury, resulting in an improper presumptive guidelines range. Accordingly, we reverse the sentence and remand for resentencing.
This court has held that the crime of robbery, defined in section 812.13, Florida Statutes (1985), does not include victim injury as an essential element. Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984). Therefore, it was error to include twenty-one victim injury points on appellant's scoresheet. See Fla.R.Crim.P. 3.701(d)(7). This error was not harmless since it produced a higher presumptive range. We remand so the trial court may resentence Ritts utilizing the correct guidelines range. While we hold that points for victim injury should not have been included on the scoresheet, we note that victim injury may properly be used as a reason to depart from the guidelines. See Parker at 825 (citing Hendrix v. State, 475 So.2d 1218 (Fla. 1985)).
Conviction affirmed; sentence reversed and remanded.
SCHEB and HALL, JJ., concur.