WEBSTER, PETER D., Associate Judge.
Appellant, defendant below, was convicted of robbery and sentenced to thirty months in prison. He appeals only his sentence, arguing that the trial court erroneously added seven points for victim injury to the sentencing guidelines scoresheet. He contends that victim injury should not have been scored because it is not an element of the offense of robbery. He further contends that the error was harmful because addition of the seven points placed him in a higher presumptive sentencing category.
We agree with appellant that the trial court erroneously added points for victim injury, resulting in appellant having been placed in a higher presumptive sentencing category than he should have been. *435 See Rule 3.701(d)(7), Fla.R.Crim.P.; Vega v. State, 498 So.2d 1294 (Fla. 5th DCA 1986); Ritts v. State, 491 So.2d 1252 (Fla. 2d DCA 198.6); Smith v. State, 484 So.2d 649 (Fla. 4th DCA 1986); Brown v. State, 474 So.2d 346 (Fla. 1st DCA 1985); Toney v. State, 456 So.2d 559 (Fla. 2d DCA 1984). Accordingly, we vacate the sentence and remand with directions that the trial court resen-tence appellant. In so doing, we note that, while victim injury may not be included on the scoresheet, it may be used as a reason to depart from the guidelines. See, e.g., Ritts v. State, 491 So.2d 1252 (Fla. 2d DCA 1986); Self v. State, 487 So.2d 391 (Fla. 1st DCA 1986); Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985). But see Smith v. State, 484 So.2d 649 (Fla. 4th DCA 1986) (“slight” victim injury not a clear and convincing reason for departure).
CONVICTION AFFIRMED; SENTENCE VACATED; and REMANDED with directions.
HERSEY, C.J., and WALDEN, J., concur.