506 So.2d 74 (1987)
Larry E. GRANDISON, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1571.
District Court of Appeal of Florida, Fifth District.
April 30, 1987.
*75 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Grandison appeals his sentence following his conviction for robbery without a weapon, forgery and uttering a forgery.[1] We vacate the sentence because the trial court failed to provide written reasons for imposing adult sanctions pursuant to section 39.111(6)(d), Florida Statutes (1985); State v. Rhoden, 448 So.2d 1013 (Fla. 1984); Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987); Johnson v. State, 477 So.2d 56 (Fla. 5th DCA 1985), review denied, 486 So.2d 596 (Fla. 1986).
Upon remand, the trial court should consider a properly calculated scoresheet. Victim injury cannot be scored because it is not an element of robbery,[2] however, the trial court may consider victim injury as a clear and convincing reason for departure. Vega v. State, 498 So.2d 1294 (Fla. 5th DCA 1986).[3]
SENTENCE VACATED; REMANDED FOR RESENTENCING.
ORFINGER, SHARP and COWART, JJ., concur.
NOTES
[1] §§ 812.13(2)(c), 831.01, 831.02, Fla. Stat. (1985).
[2] Fla.R.Crim.P. 3.701(d)(7).
[3] See also Byrd v. State, 503 So.2d 434 (Fla. 4th DCA 1987); Ritts v. State, 491 So.2d 1252 (Fla. 2d DCA 1986).