540 So.2d 847 (1989)
The STATE of Florida, Appellant,
v.
Dennis BAKER, Appellee.
No. 88-1660.
District Court of Appeal of Florida, Third District.
February 14, 1989.
Rehearing Denied April 18, 1989.
*848 Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Peter L. Nimkoff, Asst. Public Defender, for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
NESBITT, Judge.
The state appeals an order dismissing a charge of robbery. We affirm.
Department store security guards observed the defendant pick up a videotape recorder and exit the store with it. Upon noticing the guards approaching him, the defendant put down the machine inside the shopping mall and began to run. The guards stopped the defendant, who put up a struggle, shouting that he be left alone and that he had a gun. At no time during the struggle did the defendant attempt to grab the abandoned machine and run; the recorder remained on the floor. The defendant was charged with robbery. Based on the undisputed facts, defendant moved to dismiss the charge for failure to state a prima facie case of guilt. Fla.R.Crim.P. 3.190(c)(4). Pursuant to Florida Rule of Criminal Procedure 3.190(d), the state demurred citing recent amendments to section 812.13(1) and (3)(b), Florida Statutes (1987) which provide, in sum, that the force used in the course of taking property may be subsequent to the taking if the force and the act of taking "constitute a continuous series of acts or events." At a hearing on the motion to dismiss, the trial court suggested that the state amend the charge to one of grand theft; the state declined to amend. The court granted the motion to dismiss the robbery charge, and the state now appeals.
The legislature's intent in amending the above sections was clearly to repeal the rule in Royal v. State, 490 So.2d 44 (Fla. 1986) which held that, in order to constitute robbery, the defendant's use of force, violence, assault or putting in fear had to occur prior to or contemporaneous with the taking. However, the controlling fact in the case at hand is that the defendant took the property without any use of force and abandoned the property before he used force to flee from the security guards. The defendant would have to have been in continuous possession of the property during the escape and the subsequent flight or resisting of arrest in order for the act to fall within the amended statute. Thus, the statutory requirement that the force used be part of "a continuous series of acts or events" involved with taking the property was not met. Accordingly, it was proper to dismiss the charge of robbery.
Affirmed.