544 So.2d 1150 (1989)
Larry RUMPH, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1162.
District Court of Appeal of Florida, Fifth District.
June 15, 1989.
*1151 James B. Gibson, Public Defender, and Barbara C. Davis, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Judge.
Appellant, Larry Rumph was convicted of robbery, resisting an officer with violence and resisting an officer without violence. He appeals his conviction for robbery and resisting arrest without violence. He also contends the trial court erred by assessing points under the uniform sentencing guidelines for victim injury occasioned by the robbery.
On November 2, 1987 the appellant was observed shoplifting two pairs of jeans by employees of Denim World. As appellant was leaving, the assistant manager, Andrita King, approached him and said, "Sir, I think you have something that belongs to us." Appellant responded, "No I don't", pushing Ms. King out of the way as he bolted through the front door. As Ms. King was shoved out of the way, she hit her shoulder on the door.
David Velez, another employee at Denim World, chased the appellant into the parking lot and took down the license plate number of appellant's car as appellant sped away. A BOLO was broadcast for the appellant, and Chris Rumbaugh, a deputy, located appellant's car. At trial, Deputy Rumbaugh testified that he had appellant place his hands on the officer's car in order to initiate a pat down. At this point, appellant swung around, hit the deputy in the chest, and ran. The deputy pursued, and after about fifteen yards managed to trip appellant. As appellant tried to get up, he swung twice at the deputy. The appellant then knocked the deputy off of his feet. When appellant was finally subdued, Deputy Rumbaugh asked him his name. Appellant gave the name of James Wilder. Deputy Rumbaugh found the jeans in appellant's car, and returned appellant to Denim World where he was identified by the store's witnessing employees. It was not until the next day that the deputy learned of appellant's real name.
Appellant first contends that he cannot be convicted of robbery where the taking was completed before any force was used. Robbery is defined by § 812.13(1), Florida Statutes (1985) as:
... the taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear.
Effective October 1, 1987, the legislature amended the statute and added (3)(a) providing:
An act shall be deemed "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission. (emphasis added)
It is clear that this amendment was intended to supersede the Florida Supreme Court decision of Royal v. State, 490 So.2d 44 (Fla. 1986). Royal held that to constitute robbery, force must be used prior to or while the taking is in progress. See also, State v. Baker, 540 So.2d 847 (Fla. 3d DCA 1989) (the legislature's clear intent was to repeal Royal); Williams v. State, 516 So.2d 975 (Fla. 5th DCA 1987) rev. denied, 525 So.2d 881 (Fla. 1988) (Judge Cobb's dissent at ftnt. 2). Appellant's use of force to shove Ms. King out of his way and into the door as he fled with the jeans constitutes the use of force in flight after the taking *1152 and provides the evidence to sustain appellant's conviction for robbery.
Next, relying on Z.P. v. State, 440 So.2d 601 (Fla. 3d DCA 1983), appellant argues that the conduct charged, i.e. giving a false name to the officer, occurred at a point in time after he had been arrested, handcuffed, and placed in the back of a police vehicle and thus could not constitute the crime of resisting arrest without violence. This position has no merit.
We agree with the second district that § 843.02 Florida Statutes[1] has a much broader scope than merely resisting arrest. The statute also contemplates obstruction or opposition to any officer in the lawful execution of any legal duty. Caines v. State, 500 So.2d 728 (Fla. 2d DCA 1987). Clearly the giving of a false name obstructs the officer in the preparation of the arrest reports he is required to complete. We are, of course, aware of this court's decision in Steele v. State, 537 So.2d 711 (Fla. 5th DCA 1989) and find no conflict. In Steele, the officer was not engaged in the performance of a lawful duty. Here the officer was clearly engaged in a lawful arrest of the defendant for robbery.
Rumph next asserts as error the scoring of 14 points for victim injury under the uniform guidelines scoresheet because it is not an element of the offense of robbery. We disagree. Florida Rule of Criminal Procedure 3.701(d)(7) provides:
Victim injury shall be scored for each victim physically injured during a criminal episode or transaction.
The court-made rule as enunciated in Grandison v. State, 506 So.2d 74 (Fla. 5th DCA 1987) and Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984) holding that victim injury can only be scored if it is an element of the criminal offense, has been superseded by an amendment to the committee notes commenting upon the sentencing guidelines. The 1985 Amendments to Committee Notes interpreting rule 3.701(d)(7) contained language supporting the court-evolved limitation on scoring victim injury as stated in Hendry and Grandison. The 1985 Committee Notes provided in part:
Victim injury shall be scored additionally for each count where victim injury is an element of each offense at conviction in excess of one count as to each victim. (emphasis added)
However, in 1987, and prior to the instant robbery, the element of the offense language in the Committee Notes was dropped. It now reads:
This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode. The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma. (emphasis added)[2]
It was therefore appropriate for the trial court to assess points for the injury occasioned by acts committed "in flight" after the taking of the property and thus deemed to have been done "in the course" of committing the robbery.
AFFIRMED.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] That statute provides:

Resisting officer without violence to his person.  Whoever shall obstruct or oppose any such officer, beverage enforcement agent, weight and safety officer of the Department of Transportation, member of the Florida Parole and Probation Commission or any administrative aide or supervisor employed by said commission, parole and probation supervisor or parole and probation officer employed by the Department of Corrections, personnel or representative of the Department of Law Enforcement, or legally authorized person in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
[2] The term physical trauma is used to distinguish the injury from one caused by psychic trauma. See, Florida Rules of Criminal Procedure Re Sentencing Guidelines (Rules 3.701 and 3.988), 509 So.2d 1088 (Fla. 1987).