NESBITT, Judge.
The defendant appeals his robbery conviction. We affirm.
As the defendant paid the cashier in the X-tra Food Store, he reached into the register, grabbed a number of twenty dollar bills, and ran. The cashier ran after him and grabbed him. Both then fell to the ground. The defendant proceeded to punch and kick the cashier. Out of fear, the cashier screamed for help. The defendant then exited from the store whereupon he was apprehended by store security guards and later arrested. At the conclusion of a jury trial, the defendant was found guilty of strong arm robbery.
He now appeals his conviction relying on the Florida supreme court’s holding in Royal v. State, 490 So.2d 44 (Fla.1986). Royal held that the force used in the taking of property must occur prior to or contemporaneous with the taking in order to constitute robbery. Following that reasoning, the defendant claims that the force he used occurred after the taking; thus, he could only be guilty of theft and assault and battery.
However, as this court pointed out in State v. Baker, 540 So.2d 847 (Fla. 3d DCA 1989), the legislature amended the robbery statute (section 812.13, Florida Statutes) in 1987. The statute now provides:
(1) “Robbery” means the taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of the taking there is the use of force, violence or assault or putting in fear.
[[Image here]]
(3)(b): An act shall be deemed “in the course of the taking” if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events. (Italization denotes new language).
In sum, the robbery statute now clearly defines the phrase “in the course of the taking” to provide that the force used in taking property may be subsequent to the taking if the force and the act of taking “constitute a continuous series of acts or events.” As further stated in Baker, the legislative intent was clearly to repeal the rule in Royal. Baker, 540 So.2d at 848; see Rumph v. State, 544 So.2d 1150 (Fla. 5th DCA 1989).
Since the crime involved here occurred after the effective date of the amendment to section 812.13 and since the defendant’s use of force subsequent to the taking of the property was part of a continuous series of acts involved in the taking, he was properly convicted of robbery.
Affirmed.