551 So.2d 607 (1989)
Hildagarde SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1852.
District Court of Appeal of Florida, Fifth District.
November 9, 1989.
*608 A.A. McClanahan, Jr., Sanford, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant appeals an order withholding adjudication of guilt and placing her on probation, entered pursuant to a plea of nolo contendere, for robbery, section 812.13, Florida Statutes, claiming error in the denial of her motion to dismiss[1] the information.
The undisputed facts are that the defendant hid certain merchandise on her person and left a department store without paying for such merchandise. The defendant was stopped outside the store and escorted back inside by two store employees. Once inside, the defendant removed the merchandise from her person and threw it to the floor. The defendant was then instructed to accompany the two store employees to the store's security office. Only then did the defendant begin to resist and she struggled with one of the employees.
The legislature amended section 812.13(1), (3)(b), Florida Statutes (1987) effective October 1, 1987, to provide, in sum, that in robbery, the force used in the course of taking property may be subsequent to the taking if the force "and the act of taking constitute a continuous series of acts or events." In Rumph v. State, 544 So.2d 1150 (Fla. 5th DCA 1989), the defendant used force as he fled with stolen jeans and his conviction of robbery was affirmed on the basis of the amended statute. Here, however, the taking was completed without any use of force and the property abandoned before any force was employed. There was no relationship between the force used and the taking as required by the statute. See State v. Baker, 540 So.2d 847 (Fla. 3d DCA 1989).
These undisputed facts do not establish a robbery but do establish the necessarily lesser included offense of petit theft. See J.C.B. v. State, 512 So.2d 1073 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 586 (1988). The defendant's motion to dismiss then was more correctly in the nature of a motion for reduction of the charged offense and to that extent should have been granted. See State v. Smulowitz, 482 So.2d 1388 (Fla. 3d DCA 1986), pet. for rev. dism., 486 So.2d 587 (Fla. 1986) (affirming reduction of charge pursuant to (c)(4) motion). The order is hereby reversed with instructions to enter a corrected order, reducing the charge to petit theft and to make a disposition consistent with a nolo plea to that charge.
REVERSED and REMANDED.
COWART, GOSHORN and HARRIS, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.190(c)(4).