# STATE OF FLORIDA v WRIGHT
## Case No. 90-4548
Eleventh Judicial Circuit, Dade County

May 9, 1990

### APPEARANCES OF COUNSEL

**Steve Bustamante, Esquire,** Assistant State Attorney, for plaintiff.
**Juan Elso, Esquire,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

*ORDER GRANTING PARTIAL JUDGMENT OF ACQUITTAL*

THIS CAUSE came before the Court on the defendant's renewed Motion for Judgment of Acquittal after a guilty verdict of robbery rendered on May 2, 1990. The Court originally denied the motion but after carefully considering an excerpt transcript indicating victim

Sandro DeAndrade's testimony, now grants the motion pursuant to Rule 3.380(c) of the Florida Rules of Criminal Procedure. The sentence is reduced from 12 years to 5 years.

The defendant was charged with robbery of 13 shirts from a downtown Miami store. Upon witnessing the theft by the defendant, the store's security guard Sandro DeAndrade confronted the defendant, who was carrying the box containing the shirts. The security officer asked the defendant to put the box of shirts down but the defendant refused. Subsequently the store's officer threw the box out of the defendant's hand and the defendant "put up is fists." (Pages 1-2 of excerpt.) A struggle ensued.

In *State v Baker,* 540 So.2d 847 (3d DCA 1989) the Court affirmed a dismissal by the trial court. The controlling fact in that case was "that the defendant took the property before he used force to flee from the security guards." In this case the defendant did not attempt to use force until the stolen goods were taken from him. Thus, even under the amended robbery statute Section 812.13(1), 3(b), Florida Statutes, the defendant completed the taking of the property without force. *See Simmons v State,* 551 So.2d 607 (5th DCA 1989); *Rumph v State,* 544 So.2d 1150 (5th DCA 1989).

WHEREFORE the Court reduces the judgment from robbery to petit theft. Pursuant to the defendant's waiver of a presentence investigation report and without objection from the defense to the Court considering the defendant's extensive misdemeanor convictions, the Court finds that the defendant has been correctly convicted of *at least* two counselled petit thefts (M88-579 12; F 89-35588 B). Therefore, the Court, without objection from the defense,[1] finds the defendant guilty of felony theft and sentences the defendant to the maximum five (5) years imprisonment. The Court accepts the sentencing guidelines of 7 to 9 years and thereby sentences the defendant to the statutory maximum of five (5) years with credit for time served. The 12 year sentence is reduced to 5 years.

DONE AND ORDERED in Open Court this 9th day of May, 1990.

---

[1] The defendant specifically agrees that he should be sentenced for felony petit theft and waives any additional requirements pursuant to Florida Statute Section 812.014(2)(c) and *State v Crocker,* 519 So.2d 32 (2d DCA 1987).