570 So.2d 400 (1990)
Guilio Frank SANTILLI, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2275.
District Court of Appeal of Florida, Fifth District.
November 21, 1990.
*401 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
At issue here is the proper construction and application of Florida's robbery statute, as revised by the 1987 legislature in response to the Florida Supreme Court's opinion in Royal v. State, 490 So.2d 44 (Fla. 1986). Robbery is defined by section 812.13, (1) and (3)(b), Florida Statutes (1989)[1] as:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(3)(b) An act shall be deemed "in the course of the taking" if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events.
The facts are undisputed. The appellant, Guilio Santilli, was observed by a security guard at Albertson's when he shoplifted a greeting card. The guard followed Santilli out of the store and saw him getting into a car. The officer ran to the open driver's door, identified himself as a police officer, and advised Santilli that he was under arrest. Santilli put the car in reverse gear and attempted to flee, striking and injuring the officer. Santilli was convicted of robbery and resisting an officer with violence.
On appeal, Santilli contends that the act of force  striking the officer with the car  was not "in the course of taking" and that the act of taking and the subsequent force did not "constitute a continuous series of acts or events." The basis of Santilli's argument is that he had left the store and reached his car outside before the force occurred, and that the interval during which he was not on the premises of the store or in direct contact with store personnel provides a break in continuity that precludes a robbery conviction. Santilli asserts in his brief: "The series of events has to end sometime, and appellant would argue that when a defendant leaves the scene of the crime without the use of force, and without knowing he is being followed, the taking is over."
The state argues in response that the requisite continuity of events exists up until there is some abandonment of the stolen property, relying on our opinion in Simmons v. State, 551 So.2d 607 (Fla. 5th DCA 1989). That opinion held, in effect, that the "continuous series of acts or events" necessary to provide a nexus between the taking and the force was interrupted by the abandonment of the stolen property by the thief, thereby precluding a robbery conviction.
In the instant case, there was no voluntary abandonment of the property. We cannot subscribe to the theory that continuous possession of the stolen property can evolve into a robbery as a result of force used to retain that possession irrespective *402 of the time and space separating the taking and the force. Nevertheless, we must agree with the trial judge that the continuity of Santilli's progression from the store to his forceful act against the officer with his car outside the store justified submission of the robbery offense to the jury pursuant to the provisions of section 812.13(1) and (3)(b), Florida Statutes (1989).
We find no merit in the appellant's second issue on appeal relative to the constitutionality of Florida's Habitual Offender Statute. See King v. State, 557 So.2d 899 (Fla. 5th DCA), review denied, 564 So.2d 1086 (Fla. 1990).
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] Subsections (2) and (3)(a) are only relevant where the issue involves carrying a firearm or weapon. That is not a concern in this case.