589 So.2d 1006 (1991)
Gerald HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0303.
District Court of Appeal of Florida, Fourth District.
November 20, 1991.
Rehearing and Clarification Denied December 27, 1991.
*1007 Gary S. Israel, Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We reverse appellant's conviction as to count III, robbery, and reverse the sentence as to all counts. In all other respects, appellant's convictions on counts I and II, burglary and sexual battery, are affirmed.
The robbery charge is founded on the victim's discovery subsequent to the sexual battery, and after the appellant had left, that her money and jewelry were missing. The sexual battery occurred in the victim's bedroom. On the night of the attack the money was taken from a purse in the living room. She realized that the jewelry was missing from her dresser two days later. Clearly, there is no evidence in the record linking the taking of the money and jewelry with any force or threat of force used in the commission of the sexual battery.
To distinguish the offense of robbery from the offense of theft, force or threat must be used in an effort to obtain or retain the victim's property. Cf. State v. Baker, 540 So.2d 847 (Fla. 3d DCA 1989). Where the victim, at the time, is not even aware of the taking, it is not a taking by force or putting in fear. See S.W. v. State, 513 So.2d 1088 (Fla. 3d DCA 1987).
With respect to the sentences, the appellee concedes that the trial court erred in departing from the sentencing guidelines. See Hernandez v. State, 575 So.2d 640 (Fla. 1991); State v. Cote, 487 So.2d 1039 (Fla. 1986). Upon remand, resentencing shall be within the guidelines.
DELL and WARNER, JJ., concur.