614 So.2d 568 (1993)
Roy GARCIA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 92-00304.
District Court of Appeal of Florida, Second District.
February 10, 1993.
*569 James Marion Moorman, Public Defender, Bartow, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Roy Garcia appeals his robbery conviction. We agree with Garcia's argument that the trial court erred in failing to grant his motion for judgment of acquittal as to the charge of robbery, concluding that the evidence does not support the statutory requirement of force, violence, assault, or putting in fear used during the taking.
The state charged Garcia with robbery with a weapon, and the jury found him guilty of robbery. In this case, a security guard observed Garcia and a companion in the patio area of a K-Mart store. Garcia was inside the store fence attempting to throw a duffle bag filled with K-Mart merchandise over the fence to his companion. When approached by the security guard, the two men abandoned the bag and ran. Garcia ran out of the store and through the parking lot. In a nearby parking lot, Garcia slowed down and pointed a handgun at the pursuing security guard. Garcia was later arrested and admitted that he possessed a BB pistol which he threw in a canal. The weapon was not recovered.
Section 812.13, Florida Statutes (1991), the robbery statute, states that the "force [violence, assault, or putting in fear] used in the course of taking property may be subsequent to the taking if the force [violence, assault, or putting in fear] `and the act of taking constitute a continuous series of acts or events.'" Simmons v. State, 551 So.2d 607, 608 (Fla. 5th DCA 1989) (quoting in part § 812.13(3)(b), Fla. Stat. (1987)). In State v. Baker, 540 So.2d 847 (Fla. 3d DCA 1989), where the defendant had abandoned a video tape recorder in the mall before he struggled with the security guard and where he made no attempt to grab the abandoned machine and run, the Third District concluded no robbery had occurred. There are no distinguishing facts that would call for a different result in this case. Since Garcia did not place the security guard in fear during a continuous series of acts or events in connection with the taking of property, he could not be convicted of robbery.[1] We reverse the conviction with directions to the trial court to enter judgment for grand theft and resentence Garcia, as the state's evidence did establish that the property in the bag was valued at $302.69, an amount which establishes the crime of grand theft.
Reversed and remanded with directions.
SCHOONOVER, A.C.J., and FRANK, J., concur.
NOTES
[1] Garcia acknowledges that he did not raise this issue during the trial; however, it is fundamental error to convict a defendant of a crime that never occurred. See Burrell v. State, 601 So.2d 628 (Fla. 2d DCA 1992).