619 So.2d 1043 (1993)
Gerald HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0919.
District Court of Appeal of Florida, Fourth District.
June 16, 1993.
*1044 Kenneth G. Spillias of Law Office of Kenneth G. Spillias, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant raises two points on appeal, one of which we find to have merit and require discussion. This court reversed appellant's conviction on robbery and affirmed his convictions on burglary and sexual battery but reversed the sentences thereon in Harris v. State, 589 So.2d 1006 (Fla. 4th DCA 1991). The trial court was directed on remand to resentence appellant within the guidelines, as this court found the trial court had erred in departing from the sentencing guidelines.
When appellant appeared for resentencing, the trial court also had before it appellant's sentencing in another case in which a jury had convicted appellant. Appellant objected to the trial court's use of separate scoresheets for the two cases, but the trial court rejected his argument. This rejection was harmful error. Accordingly, we reverse and remand again, this time with direction to use the same scoresheet for both cases.
Florida Rule of Criminal Procedure 3.701(d)(1) provides in pertinent part as follows:
One guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing.
An offense is generally not pending for guidelines sentencing purposes unless a verdict or plea of guilty or nolo contendere has been obtained, Clark v. State, 572 So.2d 1387 (Fla. 1991); Combs v. State, 604 So.2d 846 (Fla. 5th DCA 1992), rev. denied, 613 So.2d 2 (Fla. 1993). Both of the cases involving appellant were pending before the trial court when he appeared. In the instant case this court had reversed the sentences and remanded for resentencing. "Pending" means "begun but not yet completed; during; before the completion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Awaiting an occurrence or conclusion of action, period of continuance or indeterminacy." Black's Law Dictionary 1134 (6th ed. 1990). The instant case meets this definition because finality of the sentence had been awaiting this court's determination in the earlier appeal. Hence, while unconcluded the action is still pending.
A trial court errs in failing to use a single scoresheet for separate cases in which sentencing is pending, notwithstanding that the offenses are too unrelated to allow consolidation or joinder at trial. Gallagher v. State, 476 So.2d 754, 756 (Fla. 5th DCA 1985). The only distinction in the instant case is that one of the pending cases was before the trial court for resentencing, rather than sentencing  a distinction without a difference. See also Alvarez v. State, 600 So.2d 559 (Fla. 5th DCA 1992); O'Connor v. State, 590 So.2d 1018 (Fla. 5th DCA 1991).
GLICKSTEIN, C.J., and HERSEY and STONE, JJ., concur.