PATTERSON, Judge.
The state challenges Williams’ downward departure sentence for burglary of a conveyance and grand theft. We reverse and remand for sentencing within the guidelines.
The state charged Williams on October 3, 1991, with burglary of a conveyance and grand theft. Williams was on community control at the time of the offenses. On April 16, 1992, Williams was sentenced to prison *408 for thirty months on the prior charges for which he violated his community control. On July 7, 1992, Williams pled no contest to the present charges. The trial court sentenced Williams to concurrent thirty-month sentences on the burglary of a conveyance and grand theft charges. Williams’ permitted guidelines sentence was four-and-one-half to nine years’ incarceration. The trial court gave as its reason for downward departure that Williams should have been sentenced with the prior cases on April 16, 1992, and the state failed to bring these cases to the court’s attention. If Williams had been sentenced with the prior cases, he would have served the present sentences concurrently with the other cases.
The trial court erred in entering a downward departure sentence based on the reason that Williams should have been sentenced with the other cases on April 16,1992. While a defendant must be sentenced using a single scoresheet for all pending cases, the cases must meet the definition of “pending” set forth in Clark v. State, 572 So.2d 1387 (Fla.1991). See Harris v. State, 619 So.2d 1043 (Fla. 4th DCA 1993). “[A]s a general rule, an offense should not be considered as ‘pending’ before the trial court for sentencing unless a verdict of guilt or a plea of guilty or nolo contendere has been obtained.” Clark, 572 So.2d at 1390-91.
When Williams was sentenced on April 16, 1992, the present charges for burglary of a conveyance and grand theft were not “pending” because Williams did not enter his plea until July 7,1992. Under Clark, if a case is not “pending,” a defendant may request the use of a single scoresheet if it would not result in an unreasonable delay in sentencing. “Moreover, the burden falls on the defendant to move the court for a consolidated sentencing. Failure to make the objection constitutes waiver and raises a procedural bar for appellate review.” Clark, 572 So.2d at 1391.
Here, Williams admits that he did not seek consolidated sentencing at the sentencing hearing of April 16, 1992. Thus, he waived the right to have the cases considered for consolidation. We hold that under these facts the failure to consolidate the cases is not a clear and convincing reason for downward departure. We reverse the appellant’s judgment and sentence and remand for sentencing within the guidelines.
Reversed and remanded.
RYDER, A.C.J., and ALTENBERND, J., concur.