THOMPSON, Judge.
Cynthia L. Lemus (“Lemus”) appeals the denial of her motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) and the judgment and sentence entered by the trial court after a jury found-her guilty of simple robbery.[1] We affirm.
The issue presented in this case is a simple one: once a defendant successfully commits a petit theft, shoplifting with no use of force, and departs the store, can she be charged with robbery because she struggles with a security guard who is trying to take her back to the store as she is in the course of attempting to abandon the stolen property? We answer that she can.
Lemus was observed by store personnel taking articles of clothing from Beall’s Department Store without paying for them. The store security guard was notified and he attempted to apprehend Lemus outside of the store as she was getting into her car. He identified himself with his security badge and asked her to return to the store. Lemus tried to leave and the security guard grabbed her hand to get her out of the ear. Lemus began to struggle and began to kick and hit the security guard. Other store employees, two women, came to the security guard’s assistance. Lemus kicked them and bit one of them on the hand. Lemus, while struggling with the store employees, was attempting to wiggle out of the store merchandise, a skirt, that she had on underneath her own skirt. Lemus was subdued and taken back into the store where she was held until she was arrested.
Lemus argues that there was no continuous series of acts or events culminating in a robbery. She argues that there was a petit theft which had been consummated without force. The only force used was by the security guard against her to prevent her from abandoning the stolen property.[2] She contends that this case falls somewhere within a spectrum of cases holding, on the one end, that the continuous series of acts necessary to provide a nexus between the taking of property and force is interrupted by abandonment of stolen property, citing Simmons v. State, 551 So.2d 607 (Fla. 5th DCA 1989), and, on the other end, holding that the nexus is not interrupted when the defendant uses force after the theft but to aid in her escape, citing Santilli v. State, 570 So.2d 400 (Fla. 5th DCA 1990); Love v. State, 583 So.2d 371 (Fla. 3d DCA 1991); and Rumph v. State, 544 So.2d 1150 (Fla. 5th DCA 1989).
In a motion to dismiss, the trial court must resolve every reasonable inference in favor of the state. State v. Booker, 529 So.2d 1239, 1240 (Fla. 1st DCA 1988) (citing State v. Adderly, 411 So.2d 981, 982 n. 1 (Fla. 3d DCA 1982)). This case was not one in which *179 the undisputed facts showed that Lemus had already abandoned the property when force was used. Cf. Simmons, 551 So.2d at 607. There was a material fact in dispute, i.e., whether the act of force by appellant was continuous with her act of petit theft. Santilli, 570 So.2d at 400. Because Lemus failed to admit, in her motion to dismiss, that she used force by kicking and biting'the store employees and resisting the security guard’s efforts to detain her before she attempted to abandon the store’s clothing, the trial court properly denied her motion to dismiss. There was a factual and legal basis to deny the motion to dismiss. Booker, 529 So.2d at 1240.
Once the issue was presented to the jury, it was a factual issue for the jury to determine whether or not there was a continuous series of acts or events to prove the elements of robbery. See Santilli, 570 So.2d at 401. The facts, as determined by the jury, are that the act of force by Lemus was continuous with her act of taking the merchandise. Rumph, 544 So.2d at 1151-1152. Because there was a legal and factual basis for the jury verdict, it will not be overturned on appeal. Proko v. State, 566 So.2d 918, 920 (Fla. 5th DCA 1990) (motion for judgment of acquittal should not be granted unless, viewing evidence in light most favorable to the state, the evidence does not establish a prima facie ease of guilt) (citations omitted).
AFFIRMED.
DIAMANTIS, J., concurs.
W. SHARP, J., concurs specially, with opinion.

. § 812.13(2)(c), Fla.Stat. (1991).

. Lemus contends that she was attempting to abandon the stolen clothing and the security guard was attempting to apprehend her with the clothing on her person so she could be photographed in the stolen clothing. Lemus concedes that she committed the petit theft.