W. SHARP, Judge,
concurring specially.
I would affirm this case on the authority of Santilli v. State, 570 So.2d 400 (Fla. 5th DCA 1990).
With regard to Lemus’ motion to dismiss,[1] the state’s traverse raised as a challenge the material fact that Lemus “began to use force to resist Kamzura’s [the security guard] efforts to detain her before Defendant began to attempt to remove the [stolen] merchandise under her clothing” and she continued to use force and violence after she gave up trying to abandon the stolen clothing. As we said in Santilli:
In the instant case, there was no voluntary abandonment of the property ... the continuity of Santilli’s progression from the store to his forceful act against the officer with his car outside the store justified submission of the robbery offense to the jury pursuant to the provisions of section 812.13(1) and (3)(b), Fla.Stat. (1989).
570 So.2d at 401-402.
Similarly, the evidence presented by the state against Lemus at trial created factual disputes concerning:
1) whether Lemus’ taking of the goods and her escape to her car outside the store and the efforts of the security guard and store employees to stop her was a “continuous series of acts”;
2) whether Lemus’ taking of the goods was “complete” at the point she was stopped; and
3) had she abandoned the stolen goods ' before she used force and violence against the security guard and store employees?
There was adequate, competent evidence to support the jury’s findings adverse to Lemus on these questions. Thus the judgment of guilt rendered by the jury must be affirmed. Santilli; Rumph v. State, 544 So.2d 1150 (Fla. 5th DCA 1989).

. Fla.R.Crim.P. 3.190(c)(4).