• PER CURIAM.
We affirm appellant’s convictions and sentences for armed robbery and attempted felony murder. Appellant’s (c)(4) motion[1] did not allege undisputed facts which demonstrated that the state failed to establish a prima facie case of guilt of armed robbery and attempted felony murder. See Santilli v. State, 570 So.2d 400 (Fla. 5th DCA 1990). However, we remand for correction of errors.
First, page two of the sentence for Count I fails to indicate that the defendant was sentenced as an habitual felony offender.
Second, appellant was found guilty in Count II of attempted first degree felony murder with a firearm pursuant to sections 777.04 and 782.04(l)(a)2, Florida Statutes. The amended judgment also indicates a violation of section 777.087, a nonexistent section number. We assume the intent was to enhance the first degree felony to a life felony pursuant to section 775.087 because appellant’s codefendant used a handgun to wound the victim. The appellant did not possess a handgun during the criminal episode. Enhancement of the first degree felony to a life felony pursuant to section 775.087 is error since that enhancement statute requires actual possession of a weapon or a firearm. State v. Rodriguez, 602 So.2d 1270 (Fla.1992).
Appellant’s category one seoresheet originally totaled 319 points, but has been reduced to 290 points since the life felony in Count II has been reduced to a first degree felony by this appeal. This score places appellant within the same cell, and, because the court already chose to use the low end of a permissive sentence, we envision no need to remand for resentencing.
AFFIRMED; REMANDED FOR CORRECTION.
PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.

. Fla.R.Crim.P. 3.190(c)(4).