DIAMANTIS, Judge.
Connie Ray Israel appeals his robbery conviction,[1] contending that the trial court erred in denying his motion for judgment of acquittal because the state failed to present evidence that Israel used force or violence in the course of taking the victim’s property. The state presented evidence that Israel forcibly entered the victim’s home where he proceeded to batter the victim, to bind, gag, and blindfold her, and then to sexually batter her. By peeking around the blindfold, the victim was able to observe Israel walk through her home and take items of her personal property. We affirm Israel’s conviction because, from this evidence, the jury could have found that Israel’s use of force and taking of the victim’s property constituted a continuous series of acts or events. See Santilli v. State, 570 So.2d 400 (Fla. 5th DCA 1990); Kennedy v. State, 564 So.2d 1127 (Fla. 1st DCA 1990); § 812.13(3)(b), Fla.Stat. (1991): See also Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 470 (Fla.1982). Cf. Harris v. State, 589 So.2d 1006 (Fla. 4th DCA 1991).
AFFIRMED.
COBB and THOMPSON, JJ., concur.

. See § 812.13(1), Fla.Stat. (1991). Israel has not appealed his other convictions for burglary of a dwelling with battery (§ 810.02(2)(a)), kidnapping (§ 787.0 l(l)(a)), and two counts of sexual battery (§ 794.011(5)).