STEVENSON, Judge.
Appellant, Gerald Harris, challenges the sentences imposed for two separate convictions of burglary and sexual battery in lower ease number 88-16248, and sexual battery, battery, and burglary in lower case number 89-312. We affirm.
Harris’ convictions and sentences in these two cases have been the subject of three previous reported decisions of this court. In Harris v. State, 589 So.2d 1006 (Fla. 4th DCA 1991) (Harris I) this court reviewed Harris’ convictions and sentences for burglary, sexual battery, and robbery in case number 88-16248 wherein he was sentenced concurrently to 30 years, life, and fifteen years, respectively. This court reversed the robbery conviction and vacated the departure sentences on the burglary and sexual battery charges. The case was remanded to the trial court for resentencing within the guidelines. Id. at 1007. On remand, the trial court resenteneed Harris to two seventeen year terms on the burglary and sexual battery charges each to run concurrently with the other. In addition, the trial court sentenced appellant on another case where the jury convicted appellant of sexual battery, battery, and burglary (case number 89-312). The trial court sentenced appellant to twenty-two years for the sexual battery and battery convictions and fifteen years for the burglary conviction in case number 89-312. Those sentences were to run concurrently with one another, but consecutively to the seventeen year sentence from case number 88-16248. In other words, appellant was sentenced to a total of thirty-nine years. These sentences were the subject of appellate review in Harris v. State, 619 So.2d 1043 (Fla. 4th DCA 1993) (Harris II).
In Harris II appellant complained that the trial court erred in using two separate score-sheets in sentencing him for the two cases. This court agreed. Finding the error harmful, we reversed and remanded with directions to use the same seoresheet for both cases. Id. at 1044. At the time this court was reviewing the sentencing issues in Harris II, appellant appealed the convictions for sexual battery, battery, and burglary in ease number 89-312.
In Harris v. State, 627 So.2d 1341 (Fla. 4th DCA 1993), (Harris III), this court affirmed appellant’s convictions on all three charges in case number 89-312. This court also noted that appellant was initially, improperly sentenced in case numbers 89-312 and 88-16248 because two separate scoresheets were erroneously used. Accordingly, it found the sentencing issue raised in Harris III to be moot since the issue was already addressed in Harris II. Id. at 1341.
Subsequently, when both eases were remanded for resentencing, they were assigned to a different trial judge. At resentencing the trial court sentenced appellant as follows:
Case No. 88-16248
Count I Count II Burglary Sexual Battery Case No. 89-312 } } 27 years on each count, concurrent with one another and with 89-312
Count I — Armed Burglary Count II — Sexual Battery } } 40 years on each count, concurrent with one another and with 88-16248
Count III — Aggravated Battery } 15 years concurrent with count I & II and with 88-16248 *404 Accordingly, appellant’s overall sentence to-talled forty consecutive years in prison. These sentences are the subject of this appeal.
Harris argues that the trial court erred in imposing a departure sentence in case number 89-312 when the original trial judge had not departed from the guidelines. Harris relies upon North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and argues that a harsher sentence on remand violates his due process rights. In Pearce, it was determined that due process of law requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. If a defendant is sentenced more harshly the second time around, then a presumption of vindictiveness arises which can only be overcome if reasons for the harsher sentence affirmatively appear in the record. Those reasons must be based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentence. Id. at 726, 89 S.Ct. at 2081.
We find that the presumption of vindictiveness addressed in Pearce is not implicated in the instant case, primarily because a different trial judge sentenced appellant the third time around. See Knowles v. State, 617 So.2d 1186 (Fla. 4th DCA 1993) (a presumption of vindictiveness does not apply because the judge who imposed the first sentence was not the judge who imposed the second sentence). Since there is no presumption of vindictiveness in the instant case, appellant has the burden of proving actual vindictiveness to be entitled to relief. Wemett v. State, 567 So.2d 882, 886 (Fla.1990). Appellant has not met this burden because he neither alleges nor proves that the second trial judge was vindictive in imposing a harsher sentence. Instead of being vindictive, we believe that the trial judge, in departing from the guidelines and sentencing appellant to forty years, was attempting to lawfully achieve the initial sentencing goal of thirty-nine years. See Blackshear v. State, 531 So.2d 956 (Fla.1988).
We have examined the other issues raised by appellant and find no reversible error.
Affirmed.
FARMER and KLEIN, JJ., concur.