POLEN, Judge.
Thaddeus Bass appeals his conviction and sentence for attempted robbery with a weapon and battery, claiming there was no evidence of an attempt to take the victim’s money by force, violence, assault or putting *886 in fear. We affirm the conviction, but remand for correction of appellant’s judgment and sentence.
In the early morning hours, while working as a street sweeper, Brenda Chapman was approached by a man who asked her to give him some money. When she told him she did not have any money he took out some type of wire and hit her in the arm twice. She then picked up a wrench and he ran away. She subsequently reported the incident to the police. Bass was eventually identified and charged with attempted robbery with a weapon and aggravated battery with a weapon.
In moving for a judgment of acquittal, Bass argued that since the only evidence of force (hitting Ms. Chapman with a wire) occurred after she refused his demand for money, there was no force, violence, assault or putting in fear “in the course of [attempted] taking.”[1]
Under section 812.13(3)(b), Florida Statutes (1995), however, “in the course of the taking” is defined:
(b) An act shall be deemed “in the course of the taking” if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events.
Thus, it made no difference that Bass hit the victim after she refused his demand for money. See Jones v. State, 652 So.2d 346, 349 (Fla.), cert. denied, — U.S. -, 116 S.Ct. 202, 133 L.Ed.2d 136 (1995) (stating that under section 812.13, the violence or intimidation may occur prior to, contemporaneous with, or subsequent to the taking of the property so long as both the act of violence or intimidation and the taking constitute a continuous series of acts or events); Santilli v. State, 570 So.2d 400, 401-402 (Fla. 5th DCA 1990) (stating submission of robbery offense to jury was justified even though defendant’s forceful act of hitting offi-eer with his car as he attempted to flee occurred after defendant completed act of shoplifting greeting card). We affirm Bass’ conviction.
As to the written judgment, the state concedes and we agree that the final judgment should be corrected to reflect that attempted robbery with a firearm is a second degree, rather than a first degree, felony.
In accordance with section 777.04, Florida Statutes (1995), if the offense attempted is a life felony or a felony of the first-degree, the offense of criminal attempt is a felony of the second degree. In accordance with section 812.13, robbery with a weapon is a felony of the first degree. Accordingly, we remand for the trial court to correct the judgment to reflect that attempted robbery with a weapon is a second degree felony.
AFFIRMED IN PART, REMANDED IN PART.
GUNTHER and FARMER, JJ., concur.

. The robbery statute, section 812.13(1), Florida Statutes (1995) provides:
(1) "Robbery” means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or lemporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(Emphasis supplied.)