PER CURIAM.
Ronnie Lowman has filed a petition for writ of habeas corpus, which this court treats as a petition alleging ineffective assistance of appellate counsel filed pursuant to Florida Rule of Appellate Procedure 9.140(j). Lowman raises a number of issues, only one of which has merit, and upon which we grant relief.
Lowman was convicted of, among other felonies, committing a lewd and lascivious *1211 assault on a child under the age of sixteen, a violation of section 800.04(1), Florida Statutes (1995). Lowman asserts, and the State concedes, that the victim was sixteen, rather than under the age of sixteen, when the lewd and lascivious conduct occurred.
The age of the child is an essential element of the offense. See Velazquez v. State, 648 So.2d 302 (Fla. 5th DCA 1995). Lowman’s conviction on this offense therefore is flawed. Convicting a defendant of a crime when an essential element of the crime has not been proven and could not have been proven is fundamental error. See Garcia v. State, 614 So.2d 568 (Fla. 2d DCA 1993); Burrell v. State, 601 So.2d 628 (Fla. 2d DCA 1992). The failure to raise this issue on direct appeal constitutes ineffective assistance of appellate counsel. See Ferrer v. Manning, 682 So.2d 659 (Fla. 3d DCA 1996). Because the record is clear and the State has conceded the error, this court will not require Lowman to file a new appeal, and grants the appropriate relief with this opinion.
A permissive lesser included offense of section 800.04(1) is commission of an unnatural and lascivious act, a violation of section 800.02, Florida Statutes (1995), a misdemeanor. Age is not an element of this crime. This lesser included offense was included in the jury instructions at Lowman’s trial, without objection, and the evidence established that Lowman committed this offense. Section 924.34, Florida Statutes (1995), requires this court to direct the trial court to enter judgment for the lesser included offense.
Accordingly, Lowman’s conviction for violation of section 800.04(1) is vacated. The trial court is directed to enter judgment against Lowman for violation of section 800.02, and to resentence him for this conviction and for the felony convictions pursuant to the sentencing guidelines.
Petition granted; the trial court is directed to resentence Lowman in accordance with this opinion.
ALTENBERND, A.C.J., and BLUE and CASANUEVA, JJ., Concur.