POLSTON, C.J.,
concurring in part and dissenting in part.
I agree that the jury should have gotten the case to decide, but the trial court gave an erroneous jury instruction on abandonment that is not harmless. Therefore, I would quash the Fifth District’s decision affirming Rockmore’s conviction and remand for a new trial.
First, the majority’s conclusion that Rockmore’s abandonment defense was not supported by the evidence does not consider all the evidence by improperly focusing on the victim’s testimony to the exclusion of Rockmore’s. Under Rockmore’s version of events, once he knew he was caught, he chose to leave the stolen property behind. Specifically, Rockmore testified that the socks fell out of his clothing during the pursuit and that he threw the T-shirts down. There was no testimony that Rockmore tried to retrieve the stolen items once they were out of his possession. To the contrary, Rockmore specifically testified that he told the pursuing victim, “Look, give me a break, man. You got your S back.” There was no dispute that Rockmore made this statement well before the victim alleged that Rockmore threatened him with a gun.
Therefore, like the defendants in the abandonment cases the majority cites, Rockmore was entitled to defend against his robbery charge by arguing that his *986 abandonment of the stolen property broke the nexus between the taking of the property and the use of force required by the robbery statute. See § 812.13(1), (3)(b), Fla. Stat. (2013) (defining robbery to require that the taking of property and the use of force constitute a continuous series of acts or events); see also Peterson v. State, 24 So.3d 686, 689-90 (Fla. 2d DCA 2009) (recognizing an abandonment of property defense to robbery); Garcia v. State, 614 So.2d 568, 569 (Fla. 2d DCA 1993) (reversing defendant’s robbery conviction where the defendant abandoned the stolen property prior to threatening a pursuing security guard with a gun); State v. Baker, 540 So.2d 847, 848 (Fla. 3d DCA 1989) (holding trial court properly dismissed a robbery charge where the undisputed facts established that “the defendant took the property without any use of force and abandoned the property before he used force to flee from the security guards”); Simmons v. State, 551 So.2d 607, 608 (Fla. 5th DCA 1989) (reversing defendant’s robbery conviction where the defendant’s struggle with store employees occurred after she “removed the [stolen] merchandise from her person and threw it to the floor”).
Since Rockmore presented evidence in support of his abandonment defense but takes issue with the trial court’s abandonment instruction, we must determine whether the instruction was correct. The trial court instructed the jury that it must find Rockmore not guilty of robbery with a firearm if it finds that he “took the merchandise without any use of force and had completely and voluntarily abandoned the property before he used any force.” However, over Rockmore’s objection, the trial court modified the proffered instruction to include the requirement that “the victim was aware of such abandonment.”
Our precedent is clear that “it is the duty of the [trial] court to define each and every element” of the crime and that this duty equally applies to “charging on the law relative to the defense.” Motley v. State, 155 Fla. 545, 20 So.2d 798, 800 (1945). Contrary to the Fifth District’s conclusion below, a party does not invite the trial court to breach this duty simply by proffering an instruction that the trial court modifies — over objection — to include an incorrect statement of law. See Rockmore v. State, 114 So.3d 958, 964 (Fla. 5th DCA 2012) (concluding Rockmore invited the trial court’s error).
In this case, there is no serious dispute that the trial court erred by modifying Rockmore’s proffered abandonment instruction to include a victim-awareness requirement. Though the majority’s selective view of the evidence precludes it from reaching this issue, as illustrated by the abandonment cases the majority cites, none of our district courts have conditioned the abandonment defense’s application on the victim’s awareness. See, e.g., Peterson, 24 So.3d at 688-89 (concluding abandonment defense applied where testimony conflicted as to whether defendant abandoned the stolen property prior to using force). Moreover, even the Fifth District recognized below that the trial court’s addition of a victim-awareness requirement was “erroneous.” Rockmore, 114 So.3d at 964.
Because Rockmore objected to the modification, the next question is whether the trial court’s error was harmless. As this Court has explained,
[t]he harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error con *987 tributed to the conviction. Application of the test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied[.]
State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (citations omitted).
In this case, the trial court’s error was not harmless beyond a reasonable doubt and certainly did not inure to Rockmore’s benefit as the majority holds. Though perhaps not probable, it is possible that a reasonable juror could have believed that Rockmore abandoned the stolen property before he threatened the victim, or at the very least had a reasonable doubt about it since the chase occurred at night and across several parking lots. That same juror could have also believed that the victim — who testified that he was certain Rockmore still had the stolen socks when he threatened him — was not aware that Rockmore had abandoned both the socks and the T-shirts. However, given the trial court’s erroneous instruction, there is a reasonable possibility that this juror — who would have otherwise voted to convict Rockmore of a lesser-included offense (such as aggravated assault with a firearm) — was compelled to convict Rockmore of robbery with a firearm. This reasonable possibility that the trial court’s error in instructing the jury contributed ' to Rockmore’s conviction is all that is required to establish the error was not harmless. Consequently, Rockmore is entitled to a new trial. See DiGuilio, 491 So.2d at 1135.
I respectfully concur in part and dissent in part.
PARIENTE, J., concurs.