■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HUGGINS, Appellant. [644 NYS2d 22]

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), the evidence that the complainant attempted to prevent the theft of his car by standing at the driver's side door with his hands pressed against the window, and, in order to avoid being struck by the car, was forced to jump back when defendant turned and pulled out of the parking spot, was sufficient to satisfy the element of forcible taking. The jury reasonably could have found that defendant's act of driving the car, while the complainant was resisting the theft by standing in the way, was an act intended, in part, to overcome resistance to the taking. Moreover, upon an independent review of the facts, the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490).

There was no reasonable view of the evidence supporting either of the lesser included offenses requested by defendant (CPL 1.20 [37]; *People v Glover*, 57 NY2d 61). Concur—Milonas, J. P., Rosenberger, Wallach, Ross and Tom, JJ.