728 So.2d 818 (1999)
Karl Cleveland MESSINA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 97-4710.
District Court of Appeal of Florida, First District.
March 12, 1999.
Nancy A. Daniels, Public Defender and David P. Gauldin, Assistant Public Defender, Office of the Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Laura Fullerton Lopez, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
The defendant, Karl C. Messina, appeals his conviction for the crime of robbery. He contends that the evidence is sufficient to support only the lesser crime of petit theft, because there is no proof that he used force against the victim in taking her property. We conclude that the evidence is sufficient to support the main charge of robbery because the record shows that the defendant used force to retain the victim's property once he had taken it from her. Therefore, we affirm.
On December 14, 1996, Elaine Barker was in the parking lot of a K-Mart store unloading items from a shopping cart into the trunk of her car. She left her purse in the shopping cart, and while she was transferring the items she had purchased, the defendant came over, grabbed the purse, and ran away. Barker chased the defendant on foot and caught up with him, but by that time he had gotten into his car and closed the door. Barker then sat on the hood of the defendant's car, thinking that would prevent him from driving away. Instead, the defendant started and stopped the car several times while Barker held on to a windshield wiper to keep from falling off. The defendant turned the car sharply causing Barker to fall to the ground. As a result of the fall, Barker suffered a broken foot and lacerations that required stitches.
Based on these facts, the state charged the defendant with the crime of robbery. At the close of the state's case in chief, the defendant moved for a judgment of acquittal, contending that the evidence was sufficient to sustain only the lesser included charge of petit theft. The trial court denied the motion and sent the case to the jury on the charge of robbery. The jury found the defendant guilty as charged and he was convicted and sentenced for the crime of robbery.
*819 The defendant contends that his conviction must be reversed, because there is no evidence that he took the victim's purse by force. It is true, as the defendant argues, that a purse snatching is not a robbery if no force was used other than that necessary to take the victim's purse. See Robinson v. State, 692 So.2d 883 (Fla.1997). In the present case, however, the charge of robbery was not based on the force used to remove the property from the shopping cart, but rather on the force subsequently used against the victim once she tried to regain possession of her property. The question is not whether force was used, but when it was used in relation to the taking.
A conviction for the crime of robbery requires proof that money or other property was taken from the victim and that the offender used force or violence "in the course of the taking." See § 812.13(1), Fla. Stat. (1997). The temporal relationship between the use of force and the taking of the property is addressed in section 812.13(3)(b), which provides that "[a]n act shall be deemed `in the course of the taking' if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events." As this definition reveals, the statute is not limited to situations in which the defendant has used force at the precise time the property is taken.
On the contrary, section 812.13, Florida Statutes incorporates the modern view that a robbery can be proven by evidence of force used to elude the victim or to retain the victim's property once it has been taken. See Wayne R. LaFave and Austin W. Scott, Jr., Substantive Criminal Law § 8.11(e) (1986). The rationale for this view is that the force used in the flight after the taking of property is no different from that used to effect the taking. As explained in the Comments to the Model Penal Code, "[t]he thief's willingness to use force against those who would restrain him in flight suggests that he would have employed force to effect the theft had the need arisen." Model Penal Code § 222.1, comment at 104 (1980).
Based on the language of section 812.13, the Florida courts have held that the crime of robbery can be proven by evidence that the defendant used force against the victim after the taking has been completed. See, e.g., Lemus v. State, 641 So.2d 177 (Fla. 5th DCA 1994) (force used to resist a security guard was sufficient to support a conviction for robbery, even though the defendant used no force to take the items from the store); Santilli v. State, 570 So.2d 400 (Fla. 5th DCA 1990) (force used during the defendant's attempted flight from the scene of a shoplifting was sufficient to elevate the shoplifting to a robbery); Rumph v. State, 544 So.2d 1150 (Fla. 5th DCA 1989) (force used to shove a store clerk out of the way was sufficient to sustain a conviction for robbery). The common feature of these cases is that in each case there was no break in the chain of events between the taking and the use of force.
In the present case, the defendant used force against the victim immediately after he had taken her property and while she was attempting to get it back. The force was used as a part of a continuous set of events beginning with the removal of the victim's purse from the shopping cart and ending with the victim's fall from the hood of the defendant's car. There was no interruption that would lead us to conclude that the subsequent battery on the victim was a new and separate offense. Compare Simmons v. State, 551 So.2d 607 (Fla. 5th DCA 1989) (the evidence was insufficient to sustain the defendant's conviction for robbery, because he had abandoned the stolen property before he used force against the victim). Here, the taking and the use of force were part of the same offense.
The defendant suggests that the evidence is not sufficient to sustain his conviction for robbery because the injury to the victim was not foreseeable. He argues that it was unreasonable to expect that the victim would place herself in danger by sitting on the hood of his car. The short answer to this point is that the defendant was not obligated to drive the car away. In any event, we decline to engraft concepts of tort law into the statutory elements of robbery. Whether the defendant could have anticipated the victim's reaction is irrelevant. Likewise, whether the *820 victim would have been wiser to allow the defendant to drive away with her property is irrelevant. The robbery statute merely requires proof that the force and the act of the taking were part of a "continuous series of acts or events." See § 812.13(3)(b), Fla. Stat. (1997). That was proven here.
Affirmed.
MINER and WOLF, JJ., CONCUR.