ORFINGER, R. B„ J.
Thomas F. Lovett (Lovett) appeals his convictions for carjacking and resisting arrest without violence. We find no error and affirm.
In the early morning hours of February 16,1999, Dawn Nickloy (Nickloy) went to a Winn-Dixie store to lock a friend’s truck that had been left in the parking lot. She was by herself, driving her 1991 Corvette. Nickloy located the truck that she was in search of and, after stopping her car, walked to the truck, leaving her Corvette running. About that time, she saw someone run around the front of her car. She immediately ran back toward her car and arrived at the driver’s door of her Corvette about the same time a man did. The man, later identified as Lovett, entered the running Corvette. Nickloy then jumped on the hood of the car in an effort to try to prevent Lovett from stealing it. Lovett accelerated the car quickly, throwing Nick-loy to the pavement. Nickloy required thirteen staples to close a head wound. A few hours later, the Corvette was recovered, and Lovett was arrested and charged with carjacking and resisting arrest without violence.
On appeal, Lovett contends that he was guilty only of grand theft auto, a violation of section 812.014(1), Florida Statutes (1999) and not carjacking, a violation of section 812.133, Florida Statutes (1999). He argues that Nickloy’s efforts to prevent the theft cannot elevate his grand theft to a carjacking. We disagree. To prove carjacking, the State must prove: 1) the defendant took a motor vehicle from the person or custody of the victim; 2) force, violence, assault or putting in fear was used in the course of the taking;[1] and 3) the taking was done with the intent to either temporarily or permanently deprive the victim of his or her right to the motor vehicle or any benefit from it or to appropriate the motor vehicle of the victim to his own use or to the use of someone else; See Fryer v. State, 732 So.2d 30, 32, n. 1 (Fla. 5th DCA 1999). Grand theft is a lesser included offense of carjacking. Fryer, 732 So.2d at 33. What distinguishes carjacking from grand theft is the use of force, violence, assault or putting in fear in the course of taking a motor vehicle. As the Standard Jury Instructions advise, to constitute carjacking:
The taking must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that the victim does not resist. The law does not require that the victim of a carjacking resist to any particular extent or that the victim offer any actual physical resistance if the circumstances are such *468 that the victim is placed in fear of death or great bodily harm if he or she does resist. But unless prevented by fear there must be some resistance to make the taking one done by force or violence.
Standard Jury Instructions in Criminal Cases (97-1), 697 So.2d 84, 94 (Fla.1997); § 812.133, Fla. Stat. (1999).
By jumping on the hood of her car, Niekloy was attempting, albeit unsuccessfully, to prevent Lovett from taking her car. As the jury instruction requires, “there must be some resistance to make the taking one done by force or violence.” Clearly, Niekloy was resisting the taking of her car. By accelerating the car while Niekloy was on the hood attempting to prevent its theft, Lovett clearly committed an act of violence prohibited by the carjacking statute. Accordingly, we find no error in Lovett’s conviction for this offense. We also find no merit in the other issues raised by Lovett on appeal and affirm his convictions for both offenses.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.

. "In the course of the taking” means that the act occurred before, during or after the taking of the motor vehicle and that the act and the taking of the motor vehicle constitute a continuous series of acts or events. See Standard Jury Instructions in Criminal Cases, 697 So.2d 84, 94 (Fla.1997), § 812.133, Fla. Stat. (1999).