790 So.2d 492 (2001)
STATE of Florida, Appellant,
v.
Dana Dion HAWKINS, Appellee.
No. 5D00-2478.
District Court of Appeal of Florida, Fifth District.
June 15, 2001.
*494 Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellant.
Curtis N. Flajole and James G. Kontos of James G. Kontos, P. A., Melbourne, for Appellee.
ORFINGER, R.B., J.
The State of Florida appeals the trial court's ruling granting a motion for judgment of acquittal after a jury verdict finding Dana Dion Hawkins guilty of robbery in violation of section 812.13(1) and (2)(c), Florida Statutes (1999).[1] The State argues that it presented sufficient evidence to support the jury's verdict. Hawkins contends that the State presented insufficient evidence that "force, violence, assault or putting in fear" was used "in the course of the taking" as required by law. Hawkins also contends that a victim's efforts to retake possession of a vehicle that was initially taken without the use of force cannot transform a car theft into a robbery. Our review of the record demonstrates that the State presented sufficient evidence to support the jury's determination of guilt. We therefore reverse the order granting the motion for judgment of acquittal and remand with instructions to reinstate the jury's verdict.
On December 28, 1998, James Bland pulled his one-ton pickup truck into the parking lot of a 7-Eleven in Palm Bay, Florida. The truck had large side mirrors and a "granny gear," a very low gear designed for pulling heavy loads or objects. Bland left the keys in the truck and went inside the 7-Eleven to get a cup of coffee. While inside the store, Bland observed the truck being backed out of the parking spot. He immediately went outside, ran to the driver's side of the truck as it began to pull forward and began yelling at Hawkins, the man driving his truck, to stop. By this time, the truck was moving forward at about 7 or 8 miles per hour. It became obvious to Bland that Hawkins did not know how to shift the truck out of granny gear, so although Hawkins was attempting to accelerate the truck, it wouldn't go any faster.
Bland grabbed the side mirror and the open driver's side window and jogged along the side of the truck as Hawkins pulled out of the parking lot onto a side street moving in the direction of Palm Bay Road. Bland, while shouting at Hawkins to stop the truck, leaned into the open window of the truck attempting to grab either Hawkins or the keys, but was unsuccessful. Hawkins "leaned over on the seat" and tried to avoid Bland, never looking at him. As the truck approached Palm Bay Road, a four lane, divided road with heavy morning traffic moving at about fifty miles per hour, Bland became fearful that he would be in danger should he be carried along on the outside of the truck onto a busy highway, and jumped off just before the truck entered Palm Bay Road. Bland testified that he was afraid of being hit by an oncoming car.
About this time, another 7-Eleven patron who had witnessed the incident pulled up in his car, told Bland to get in, and they *495 pursued the slow moving vehicle for about three-quarters of a mile. Hawkins then pulled the truck into a Wendy's parking lot, jumped out and ran. Bland gave chase and tackled Hawkins. In the process, Bland broke his ankle. Hawkins was then arrested and told the police he took the truck because he was "high." At trial, the defense moved for a judgment of acquittal arguing that the State failed to prove that force, violence, assault or putting in fear was used in the course of the taking as required by law. The trial judge reserved ruling on the motion. After the jury found Hawkins guilty of robbery, the trial judge granted the motion for judgment of acquittal and reduced the conviction to attempted robbery.
A motion for judgment of acquittal is designed to challenge the legal sufficiency of the evidence. If the State presents competent evidence to establish each element of the crime, a motion for judgment of acquittal should be denied. State v. Williams, 742 So.2d 509, 510 (Fla. 1st DCA 1999). The court should not grant a motion for judgment of acquittal unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt. Dupree v. State, 705 So.2d 90, 93 (Fla. 4th DCA 1998). In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the State that a jury might fairly infer from the evidence. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). It is the trial judge's task to review the evidence to determine the presence or absence of competent evidence from which a jury could infer guilt to the exclusion of all other inferences. State v. Law, 559 So.2d 187, 189 (Fla.1989). Because we review the same evidence available to the trial judge, we review the record de novo to determine whether sufficient evidence supports the jury's verdict. Williams, 742 So.2d at 511.
To prove robbery, the State must prove that:
1. The defendant took money or property from the person or custody of the victim;
2. Force, violence, assault or putting in fear was used in the course of the taking;[2]
3. The property taken was of some value, and;
4. The taking was done with intent to either temporarily or permanently deprive the victim of his or her right to the property or any benefit from it or to appropriate the money or property to his own use or to the use of someone else.
§ 812.13(1), Fla. Stat. (1999).
Hawkins argues that he did not use force to take the truck nor did he put Bland in fear in the course of the taking. We disagree. Clearly, Bland was resisting the taking of his truck, albeit unsuccessfully. We believe that the jury reasonably found that Hawkins' act of driving the truck, while Bland was hanging onto the side resisting the theft, was an act of force intended, in part, to overcome resistance to the taking. Messina v. State, 728 So.2d 818 (Fla. 1st DCA 1999); New York v. Huggins, 228 A.D.2d 241, 644 N.Y.S.2d 22, 22 (1996). Here, as in Messina, the charge of robbery was not based on the force used to initially take the truck from the parking lot, but rather, the force subsequently used against Bland when he tried to regain possession of his property. *496 Force used in flight after the taking of the property is no different than force used to effect the taking. Messina, 728 So.2d at 819.
Another basis exists to support the jury's verdict. Even if the jury did not conclude that the taking was one done with force, we believe the jury could reasonably have found that the taking was accomplished by putting the victim in fear. If the circumstances attendant to a robbery are such as to induce fear in the mind of a reasonable person, then the victim may be found in fear for the purpose of the robbery statute. State v. Baldwin, 709 So.2d 636, 637 (Fla. 2d DCA 1998). It is not necessary to show that actual violence was used, nor is it required that the victim was placed in actual fear. Brown v. State, 397 So.2d 1153, 1155 (Fla. 5th DCA 1981). If a reasonable person would be fearful, then the victim may be found to be in fear for the purpose of the robbery statute's requirement of "use of force, violence, assault or putting in fear." Baldwin, 709 So.2d at 637. The controlling factor is not the victim's state of mind, but whether a jury could conclude that a reasonable person, under similar circumstances, would have felt sufficiently threatened to accede to the robber's demands. Woods v. State, 769 So.2d 501, 502 (Fla. 5th DCA 2000). Here, Bland, out of fear, jumped from the outside of his moving truck as it approached a busy four lane road with traffic traveling at fifty miles per hour. We believe, as apparently did the jury, that this fear was reasonable and that but for such fear, Bland would have continued his efforts to retake possession of his truck, thereby satisfying the statutory requirement that the taking be done by force, violence, assault or putting in fear. See Lovett v. State, 781 So.2d 466 (Fla. 5th DCA 2001).
We conclude that the jury heard competent substantial evidence from which it reasonably concluded that Hawkins committed a robbery. Under these facts, the jury's verdict should stand. Accordingly, we reverse the order granting the motion for judgment of acquittal and remand with instructions to reinstate the jury's verdict.
REVERSED and REMANDED with instructions.
HARRIS and PLEUS, JJ., concur.
NOTES
[1] The trial judge ruled that Hawkins was guilty of attempted robbery. Hawkins was also found guilty of possession of drug paraphernalia in violation of Section 893.147(1)(b), Florida Statutes (1999). That conviction was not appealed by either party.
[2] "In the course of the taking" means that the act occurred before, during or after the taking of the property and that the act and the taking of the property constitute a continuous series of acts or events. § 812.13(3)(b), Fla. Stat. (1999).