[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14813
_____

D.C. Docket No. 0:14-cr-60061-JIC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS WILSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 19, 2016)

Before MARCUS, JORDAN, and BLACK, Circuit Judges.

PER CURIAM:

Travis Wilson, who pled guilty to possessing a firearm as a felon, *see* 18 U.S.C. § 922(g), appeals his 15-year sentence, which the district court imposed pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).  With the benefit of oral argument, and following a review of the record, we reverse and remand so that Mr. Wilson can be resentenced without the ACCA enhancement.[1]

For the ACCA to apply, a defendant like Mr. Wilson must have three or more prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  Mr. Wilson has four prior convictions.  The government concedes that one of those convictions—a 1997 conviction for escape—is not an ACCA predicate offense, *see* Govt.'s Letter of Nov. 10, 2015, and Mr. Wilson concedes that his 2009 conviction for possession of cocaine with the intent to distribute qualifies as an ACCA predicate offense.  So, for the ACCA to apply, both of the remaining prior convictions—one for robbery in 1997 and one for resisting arrest/battery on a law enforcement officer in 2000—must be violent felonies or serious drug offenses.

"Whether a particular conviction is a crime of violence for purposes of the ACCA is a question of law we consider de novo."  *United States v. Canty*, 570 F.3d 1251, 1254 (11th Cir. 2009).  We apply this plenary standard here because Mr. Wilson's written and oral objections to being classified as an armed career

---

[1] Because we write for the parties, we set out only what is necessary to explain our decision.

criminal, though general and not detailed, were sufficient to preserve the issue for appeal. *See United States v. Smith*, 39 F.3d 1143, 1146 (11th Cir. 1994). For example, Mr. Wilson argued in his written objections that the 1997 robbery conviction "d[id] not qualify as a predicate offense" under the ACCA. *See* D.E. 51 at 2 (Mr. Wilson's sealed objections to the presentence investigation report). Indeed, the district court understood the objection, and ruled that all of Mr. Wilson's prior convictions—including the 1997 robbery conviction—constituted predicate convictions under the ACCA. *See* D.E. 67 at 6-7.[2]

The government "bears the burden of proving that a sentencing enhancement under the ACCA is warranted." *United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009). We conclude, for a number of reasons, that the government did not carry its burden with respect to the 1997 conviction for robbery, and therefore do not need to address the 2000 conviction for resisting arrest/battery on a law enforcement officer. First, the factual proffer prepared by the government (and signed by Mr. Wilson) stated that this robbery conviction was under Fla. Stat. § 812.131 (robbery by snatching), *see* D.E. 44 at 3, but § 812.131 had not been enacted in 1997, when Mr. Wilson pled guilty. Second, the presentence investigation report did not

---

[2] We note that the government, despite being served with Mr. Wilson's written objections to the presentence investigation report, did not respond to the objections. Had the government introduced the proper documents concerning the 1997 robbery conviction at the sentencing hearing, we would be able to determine whether it had met its burden under the ACCA.

indicate the statute of conviction for the 1997 robbery, and therefore did not correct the error in the factual proffer. *See* PSI at ¶ 43. So, at the time of sentencing, it was not clear what statute Mr. Wilson was convicted of violating in 1997. Third, at sentencing the government did not introduce any documents to prove that the 1997 robbery conviction qualified as a violent felony under the ACCA. Fourth, given that the robbery by snatching statute did not exist in 1997, if Mr. Wilson only committed a minimum-force "snatching" robbery (as described in the factual proffer) he could not have been convicted under Florida's general robbery statute. *See Messina v. State*, 728 So.2d 818, 819 (Fla. Dist. Ct. App. 1999) ("[P]urse snatching is not a robbery if no force was used other than that necessary to take the victim's purse.").

We therefore vacate Mr. Wilson's 15-year sentence and remand for the district court to resentence Mr. Wilson without the ACCA enhancement. Under the circumstances, we exercise our discretion to not allow the government to prove on remand that the 1997 robbery conviction constituted a violent felony under the ACCA. "Nothing prevented the government—which was aware of Mr. [Wilson's] objection—from putting on evidence concerning [the 1997 robbery conviction], and a party who bears the burden on a contested sentencing issue will generally not get to try again on remand if its evidence is found to be insufficient on appeal." *United States v. Washington*, 714 F.3d 1358, 1362 (11th Cir. 2013).

4

**VACATED AND REMANDED FOR RESENTENCING.**