# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-0704

_____

DARRELL VON YOUNG,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
W. Joel Boles, Judge.

February 4, 2019

KELSEY, J.

Appellant was convicted and sentenced for burglary of an occupied conveyance, and robbery without a weapon. He challenges the trial court's denial of his motion for judgment of acquittal, arguing that his actions could not have put any reasonable person in fear. We find this argument wholly meritless. In light of the record evidence and the governing law, we find no reversible error, and affirm Appellant's convictions and sentences.

**Appellant's Actions.**

Appellant, a male, is nearly six feet tall, and at the time of these events he weighed nearly 200 pounds and was 43 years old. He had what law enforcement described at trial as "very distinct gold teeth." The victim of Appellant's crimes was a 19-year-old

female sophomore at Pensacola State College. The two were strangers. Appellant had a history of panhandling on the campus, with some incidents of aggressiveness, and therefore the campus police had trespass-warned him to stay off of campus. Nevertheless, while the victim was sitting in her car on campus, Appellant opened her passenger door and got in, holding a backpack on his lap. He sternly demanded that she take him to a gas station. She refused, and he repeated his demand more sternly. She testified that she was "really scared," did not know what could be in Appellant's backpack, and felt that she had no choice but to comply.

Once the victim started driving toward a nearby gas station, Appellant started giving her different instructions, taking them to a store that had no gas pumps. Instead of claiming he needed gas, he then said he needed to meet a woman there who would be his alibi for not picking up his children from day care on time. Once there, still in the victim's car, Appellant asked the victim for $100 for gas money. When she said she did not have that much money with her, and gave him $20 or $40, he suggested she could go to an ATM and get more, which she refused to do. He asked for her phone number, claiming he would use it to get in touch with her to pay her back; and he tested it to be sure it was the right number before getting out of the car.

The victim testified that she was scared during this episode, because she did not know Appellant, she did not know what he had in his backpack or what he might do with whatever might be in there, and she did not know his intentions. She cooperated with Appellant's demands because she did not want to do anything that could have aggravated the situation.

Appellant's counsel argued to the jury that no reasonable person could have been afraid under these circumstances, because Appellant did not wear a mask; did not brandish a gun, knife, or other weapon; did not take the victim's phone; and did not overtly threaten the victim with bodily harm. Counsel argued that "at best, this was an awkward and weird situation." In her oral motion for judgment of acquittal, defense counsel claimed the State failed to establish a prima facie case that Appellant's actions would have put a reasonable person in fear or that he entered the victim's car

2

with the intent to commit an offense in it. The trial judge denied the JOA motion, and the jury convicted Appellant as charged.

At sentencing, Appellant admitted that after watching the victim testify, he could see that his actions had made her afraid. He expressed remorse for having put her in fear. The trial judge observed as follows before sentencing Appellant to ten years in prison for each of the two counts, to run concurrently:

> You know, I was there throughout the trial. I heard what happened. And, you know, the concern is, of course, somebody that somebody doesn't know coming in and getting in a car -- getting in their car, uninvited, complete total stranger, with a backpack telling me you're going to drive me somewhere, that would freak me out, a grown man. And I carry a pistol in my car. But still, that would completely freak me out.

**JOA Standards.**

A motion for judgment of acquittal tests the legal sufficiency of the State's evidence. *State v. Lalor*, 842 So. 2d 217, 219 (Fla. 5th DCA 2003); *Anderson v. State*, 504 So. 2d 1270, 1271 (Fla. 1st DCA 1986). "When a defendant moves for judgment of acquittal, he admits all facts in evidence . . . and every conclusion favorable to the State reasonably inferable therefrom." *Anderson*, 504 So. 2d at 1271. "If the State has presented competent evidence to establish every element of the crime, then judgment of acquittal is improper." *McCray v. State*, 171 So. 3d 831, 832 (Fla. 1st DCA 2015) (citing *State v. Odom*, 862 So. 2d 56, 59 (Fla. 2d DCA 2003)). Because the trial court applies a purely legal test when deciding a motion for JOA, we review its decision de novo. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002).

**JOA for Burglary.**

We hold that the lower tribunal correctly denied Appellant's motion for JOA on the burglary charge. Burglary is the act of "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein . . . ." § 810.02(1)(b), Fla. Stat. (2016). Appellant challenged the evidence of his intent to commit an offense in the victim's car, arguing here as he did to the jury that

he only wanted to borrow some money. The State is not required to prove any specific offense "so long as [the State] charges and proves 'the essential element of intent to commit an offense'" upon entering the conveyance. *Joseph v. State,* 965 So. 2d 357, 358 (Fla. 4th DCA 2007) (quoting *Toole v. State,* 472 So. 2d 1174, 1175 (Fla. 1985)). The evidence supports the conclusion that Appellant intended to commit, at least, false imprisonment and robbery.

Appellant's holding the victim inside her car illegally and without her consent was false imprisonment. § 787.02(1)(a), Fla. Stat. (defining false imprisonment as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will"). The evidence was sufficient to establish the elements of the crime. The element of a threat was supplied not only by Appellant's mere uninvited physical presence in the victim's car, but also by his physical characteristics making it likely that he could overpower the victim, by his sternly-worded demands, and by his prominent display of a backpack that could hold a weapon. *See, e.g.*, *State v. Horton*, 442 So. 2d 408, 408–09 (Fla. 2d DCA 1983) (holding that the threat to confine was a question for the jury where the defendant locked the front door of his hotel to prevent a deliveryman's departure but never expressly threatened him or physically touched him). In addition, Appellant's counsel conceded in argument at trial that Appellant intended to get money from the victim, which on the facts presented constituted robbery.

### JOA for Robbery: "Putting in Fear."

The issue presented in Appellant's motion for judgment of acquittal on the robbery charge was not whether this victim and this trial judge were or would have been in fear as a result of Appellant's actions, as they both stated they were or would have been. Rather, the issue is whether the proverbial, non-specific "reasonable person" would be put in fear under the circumstances. § 812.13(1), Fla. Stat. (defining robbery as "the taking of money . . . of another, . . . when in the course of the taking there is the use of force, violence, assault, or *putting in fear*." (emphasis added)). "The fear contemplated by the statute is the 'fear of death or great bodily harm.'" *Smithson v. State*, 689 So. 2d 1226, 1228 (Fla. 5th DCA 1997) (quoting *Brown v. State*, 397 So. 2d 1153, 1155 (Fla. 5th DCA

4

1981)). This element does not require proof that the defendant made express threats of violence. *State v. Baldwin*, 709 So. 2d 636, 637–38 (Fla. 2d DCA 1998). *See also, e.g., Magnotti v. State*, 842 So. 2d 963, 964–65 (Fla. 4th DCA 2003) (bank robbery where the defendant demanded money but never displayed a weapon or threatened violence); *Woods v. State*, 769 So. 2d 501, 502 (Fla. 5th DCA 2000) (defendant told cashier to hand over the money from the drawer but never displayed a weapon or made any threats of violence). "[I]f the circumstances attendant to the robbery were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to be in fear for the purpose of the robbery statute." *Baldwin*, 709 So. 2d at 637.

We hold that Appellant's actions satisfy the putting-in-fear element of robbery. These circumstances are very similar to those in *Flagler v. State*, 198 So. 2d 313, 314 (Fla. 1967).* The *Flagler* court held that the victim was reasonably put in fear when a stranger jumped into her car and stole her purse without saying a word. In fact, the court said, "We think that in this setting the mother would have been less than human if she had not been frightened out of her wits and that the fear was generated when she saw a strange hand reaching for her purse at about the time she became conscious of petitioner's presence." *Id.*

Much like the defendant in *Flagler*, Appellant violated the victim's sense of safety and security when he entered her vehicle uninvited, then demanded that the victim take him to a destination of his choosing and give him money. Considering Appellant was brazen enough to enter the victim's car while she was in it, it was reasonable for her to fear that Appellant, who had a backpack on his lap, was also willing to secure compliance with his demands by the use of violence. It requires no imagination to understand that a physically out-matched young woman being instructed to drive to another location with someone physically like the Appellant might reasonably be expected to fear an outcome involving great bodily harm or death. Given the evidence adduced in this case, all of which was undisputed; given the realities of

---

* See *Flagler v. State*, 189 So. 2d 212, 213 (Fla. 4th DCA 1966), for the Fourth District's recounting of the facts.

5

opportunistic crime in today's society; and given the vulnerabilities of crime victims like this victim, we are deeply disappointed that experienced counsel would continue on appeal to trivialize this criminal episode as merely "an awkward and weird situation," or "rudeness," and to argue that no reasonable person could be placed in fear by these crimes. The jury finding to the contrary was based on competent evidence, Appellant himself conceded that he had placed the victim in fear, and the trial judge said these circumstances would "completely freak [him] out" in spite of his being a grown man and carrying a pistol with him. We believe any reasonable person would be afraid. We find Appellant's argument wholly without merit, to say the least; but we emphasize that our affirmance is based on the evidence and the law, and is not in any way attributable to counsel's assertion of a meritless argument.

In sum, the evidence, when viewed in a light most favorable to the State, is sufficient to support a finding that Appellant's actions would put a reasonable person in fear as that term is used in the robbery statute. Therefore, the court did not err when it denied Appellant's JOA motion as to the robbery charge. Finding no error in the trial court's denial of Appellant's motion for JOA, we affirm Appellant's judgment and sentence.

AFFIRMED.

RAY and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Kevin P. Steiger, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.