NOT DESIGNATED FOR PUBLICATION

No. 120,088

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY WARUI,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed October 4, 2019. Sentences vacated and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM: Timothy Warui appeals his sentences upon his convictions of aggravated battery and aggravated intimidation of a witness. Warui contends the district court erred by classifying his prior 2012 Florida robbery conviction as a person felony in calculating his criminal history score. Upon our review, we hold that Warui's 2012 Florida robbery conviction was incorrectly scored as a person felony. Accordingly, we vacate the sentences and remand with directions to resentence Warui with a correct criminal history score.

1

On July 16, 2018, Warui pled guilty to aggravated battery (K.S.A. 2017 Supp. 21-5413[b][1][B]) and aggravated intimidation of a witness (K.S.A. 2017 Supp. 21-5909[b][1], [c][2]). A presentencing investigation report calculated Warui's criminal history score as A, based in part on a 2012 Florida robbery conviction being classified as a person felony. At sentencing, based on both parties' agreement, the district court determined that Warui had an A criminal history score. Employing this criminal history score, the district court sentenced Warui to 55 months in prison. He appeals his sentences.

ANALYSIS

Warui contends the district court erred by classifying his prior 2012 Florida robbery conviction as a person felony when calculating his criminal history score. He argues that this prior conviction should have been classified as a *nonperson* felony because the elements of the 2012 Florida robbery are broader than the elements of a Kansas robbery.

Although Warui did not object to the classification of his prior offense in the district court, a defendant may challenge the classification and resulting criminal history score used in sentencing for the first time on appeal. *State v. Dickey*, 301 Kan. 1018, Syl. ¶ 3, 350 P.3d 1054 (2015). The classification of prior offenses for criminal history purposes involves statutory interpretation, which presents a question of law subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

Under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801 et seq., criminal sentences are based on two controlling factors: the defendant's criminal history and the severity level of the crime committed. K.S.A. 2017 Supp. 21-

2

6804(c). The KSGA uses a defendant's prior out-of-state convictions when calculating that person's criminal history. K.S.A. 2017 Supp. 21-6811(e)(1). Kansas classifies an out-of-state conviction as a person or nonperson offense by referring to comparable offenses under the Kansas Criminal Code. Important to the resolution of this appeal, if the Code does not have a comparable offense, the out-of-state conviction is classified as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e)(3).

In *Wetrich*, our Supreme Court held that for a Kansas crime to be a comparable offense, "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562. Because the district court sentenced Warui after the *Wetrich* decision, the identical-or-narrower test applies to our analysis of whether Warui's 2012 Florida robbery conviction should have been classified as a person or nonperson offense. *State v. Weber*, 309 Kan. 1203, Syl. ¶ 3, 442 P.3d 1044 (2019) (noting that the legality of a sentence is controlled by the law in effect when the sentence was pronounced).

In 2012, the State of Florida defined robbery as:

"the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when *in the course of the taking* there is the use of force, violence, assault, or putting in fear." (Emphasis added.) Fla. Stat. § 812.13(1).

The Florida robbery statute clarifies that an act is "in the course of the taking" if the act "occurs either prior to, contemporaneous with, or *subsequent to* the taking of the property and if it and the act of taking constitute a continuous series of acts or events." (Emphasis added.) Fla. Stat. § 812.13(3)(b). Of note, the Florida Supreme Court has recognized that this statutory language permits a robbery conviction when the offender

3

uses force in flight after taking money or property. *Rockmore v. State*, 140 So. 3d 979, 982 (Fla. 2014).

In comparison to Florida's statute, Kansas defines robbery as "knowingly taking property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 2017 Supp. 21-5420(a). Under this definition, a robbery "requires that the taking of property be accomplished by force or by threat of bodily harm. If a defendant completes the taking of property before using force or threat of bodily harm on the property owner or victim, the defendant has committed a theft, rather than a robbery." *State v. Plummer*, 295 Kan. 156, Syl. ¶ 3, 283 P.3d 202 (2012). Significantly, unlike a Florida robbery, a Kansas robbery does not occur when a thief has already exercised dominion over property before using force to flee or otherwise avoid apprehension. 295 Kan. at 165.

Since, unlike the Kansas equivalent, a Florida robbery may occur when an offender uses force during flight after peacefully taking property, Florida's robbery statute is broader than Kansas' robbery statute. Accordingly, for sentencing purposes, a Kansas robbery is not comparable to Warui's 2012 Florida robbery conviction.

The State also proffers an alternative argument: "K.S.A. 21-6811(e)(3) provides that in classifying an out-of-state crime as person or nonperson, "comparable *offenses*" shall be referred to. (Emphasis added.) Thus, more than one comparable Kansas offense can be considered in determining the person or nonperson classification of an out-of-state offense." In this case the State argues that"[e]ven if the use of force or threat of force after a taking in Kansas does not constitute a robbery, it would nonetheless constitute a person offense, namely, assault or battery."

At the outset, the State provides no caselaw precedent in support of its argument, although it references Judge Malone's dissenting opinion in *State v. Briggs*, No. 116,420

4

2018 WL 3995795, at *4 (Kan. App.) (unpublished opinion), *petition for rev. filed* August 27, 2018, which discusses this legal proposition. Given the unique facts presented in this appeal, we decline to adopt the State's alternative approach. Assuming Kansas sentencing statutes permitted this approach in determining whether the prior out-of-state crime is comparable to more than one Kansas crime, however, we are not persuaded that the Kansas crimes of assault and battery are comparable to one or more elements of the 2012 Florida robbery statute.

Kansas defines assault as "knowingly placing another person in reasonable apprehension of immediate bodily harm." K.S.A. 2017 Supp. 21-5412(a). Kansas defines battery as "[k]nowingly or recklessly causing bodily harm to another person" or "knowingly causing physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 2017 Supp. 21-5413(a)(1) and (2).

As defined earlier, a Florida robbery occurs when, during a taking, "there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). The phrase "putting in fear" as used in the Florida robbery statute refers to the fear of death or great bodily harm. *Von Young v. State*, 266 So. 3d 1225, 1228 (Fla. Dist. Ct. App. 2019). But the element of putting another in fear "does not require proof that the defendant made express threats of violence." 266 So. 3d at 1228.

When considering the fear element in the Florida robbery statute: "The controlling factor is not the victim's state of mind, but whether a jury could conclude that a reasonable person, under similar circumstances, would have felt sufficiently threatened to accede to the robber's demands." *State v. Hawkins*, 790 So. 2d 492, 496 (Fla. Dist. Ct. App. 2001). As a result, to support a Florida robbery conviction "[i]t is not necessary to show that actual violence was used, nor is it required that the victim was placed in actual fear." 790 So. 2d at 496.

Unlike the element of "putting in fear" in Florida's robbery statute, the Kansas crime of assault requires a subjective apprehension by the victim—that the particular victim had an apprehension of bodily harm. See *State v. Brown*, 300 Kan. 565, 581, 331 P.3d 797 (2014). Moreover, a Kansas assault requires an apprehension of *immediate* bodily harm. But a fear-based Florida robbery contains no immediacy requirement. See *Von Young*, 266 So. 3d at 1228-29 (finding sufficient evidence of a fear-based Florida robbery when the defendant entered the victim's vehicle and demanded that she drive him to another location because victim could "fear an outcome involving great bodily harm or death").

Since a Florida robbery can occur without bodily harm, physical contact, or placing another person in reasonable apprehension of immediate bodily harm, the Kansas crimes of assault and battery are not comparable to elements of a Florida robbery.

Finally, the State argues that *Wetrich* was wrongly decided. However, our court is duty bound to follow Kansas Supreme Court precedent, unless there is some indication that the court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). The State does not suggest any indication that our Supreme Court is departing from the identical-or-narrower test announced in *Wetrich*. Instead, the State notes that it is advancing this argument to preserve it for further review. Since *Wetrich* applied when Warui was sentenced, we follow this precedent in considering Warui's appeal.

In conclusion, we hold that the elements of a 2012 Florida robbery are broader than the elements of a Kansas robbery, assault, and battery. Accordingly, these Kansas crimes are not comparable to Warui's Florida robbery conviction, and the State has not argued that any other Kansas offense is comparable to a Florida robbery. Since no comparable Kansas offense has been identified, Warui's 2012 Florida robbery conviction must be scored as a nonperson felony for purposes of sentencing under the KSGA.

We vacate the sentences and remand with directions to resentence Warui with a correct criminal history score.